**OPUS 3 LIMITED, Plaintiff–Appellee,**

v.

**HERITAGE PARK, INCORPORATED, Defendant–Appellant, and Paul Stein, Defendant,**

and

**James O'Brien; David Kopp; David J. Mislin; John Does, Third Party Defendants.**

No. 95–1863.

United States Court of Appeals, Fourth Circuit.

Argued April 1, 1996.

Decided July 23, 1996.

**ARGUED:** Paul Mark Sandler, Freishtat & Sandler, Baltimore, Maryland, for Appel-

lant. Edward W. Cameron, Odin, Feldman & Pittleman, P.C., Fairfax, Virginia, for Appellee. **ON BRIEF:** Raymond Daniel Burke, Freishtat & Sandler, Baltimore, Maryland, for Appellant.

Before ERVIN, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by published opinion. Judge NIEMEYER wrote the opinion, in which Judge ERVIN and Judge WILLIAMS joined.

## OPINION

NIEMEYER, Circuit Judge:

At the outset of the bench trial in this case, which involved a claim for money due for construction services performed, Opus 3 Limited, the plaintiff, invoked Federal Rule of Evidence 615 to exclude witnesses from the courtroom during trial. The defendant, Heritage Park, Incorporated, opposed Opus 3's request to sequester its only witness, arguing that the witness was both its expert witness and designated representative at trial. The district court sequestered the witness and proceeded with trial, ultimately awarding Opus 3 damages.

On appeal, Heritage Park contends that the district court improperly excluded its witness from the courtroom because, as an expert witness, he was essential to the presentation of its cause under section (3) of Rule 615, and he was a corporate representative under section (2). Heritage Park also challenges the district court's damages award. For the reasons that follow, we affirm.

## I

In April 1993, Heritage Park, the owner of a residential apartment complex in Adelphi, Maryland, allegedly negotiated an agreement with Opus 3 to perform renovation work on the complex. Under the agreement, Heritage Park was to compensate Opus 3 on a time and materials basis, plus profit. Heritage Park retained Bryan Mack, a general contractor, to act as its on-site representative for the construction project.

As work progressed, Opus 3 submitted invoices for extra work approved by Mack. But Heritage Park disputed Mack's authority to approve any work, contending that he was an independent contractor hired by Heritage Park only to inspect the property and perform specific maintenance and construction tasks. When Heritage Park refused payment, Opus 3 filed this action.

In response to Opus 3's lawsuit, Heritage Park contended that Opus 3 had exceeded its authority to perform work; that it had charged excessively for its work; and that it had not properly supervised its subcontractors, causing "massive overtime charges." It also maintained that Mack had never been an agent, employee, or officer of Heritage Park and that therefore he was not authorized to approve the extra work performed by Opus 3. In the pretrial order, however, Heritage Park did identify Mack as its expert witness in the field of "general contracting and project management."

At the beginning of trial, Opus 3 invoked Federal Rule of Evidence 615, requesting "a rule on witnesses." It stated that its "request [was] really directed specifically at the primary witness[for] the defense in this case, Mr. Bryan Mack." While acknowledging that Heritage Park was offering Mack as an expert witness, Opus 3 explained that "he is also one of the key, in fact, the key fact witness that the defense would offer today as well."

Heritage Park confirmed that Mack, its only witness, was both a fact witness and an expert witness. It argued, however, that Mack should be exempted from sequestration because he was a "critical witness" who needed to hear "the very testimony he is going to give an opinion on." Heritage Park also argued that it had designated Mack as its trial·representative, relying on a letter its president had sent Mack, which stated, "[S]ince I will not be going to the trial in Maryland, you are hereby authorized to act on behalf of Heritage Park, Inc. at the trial."

After considering both parties' arguments, the district court excluded Mack from the courtroom, explaining:

> [S]ince [Mack] is not affiliated with the defendant by way of an agent or a high

managerial position, I think it is unfair to have him sit in if he is going to address a factual issue in dispute.

On the issue of damages, Opus 3 introduced evidence of the work it had performed for Heritage Park, including the work that Mack had approved, as well as the expenses it had incurred. It introduced all of the invoices from its various suppliers and subcontractors that related to the construction work, as well as time records for labor, and evidence that the bills and invoices were reasonable and in line with industry standards in the area.

The district court credited Opus 3's testimony over Mack's and awarded Opus 3 $71,-280.50, plus pre-judgment interest and costs. This appeal followed.

## II

■ Upon a party's request for witness sequestration, Federal Rule of Evidence 615 requires the court to exclude witnesses so that one witness cannot hear the testimony of another. The rule is designed to discourage and expose fabrication, inaccuracy, and collusion. Fed.R.Evid. 615 advisory committee's note; *see also United States v. Leggett*, 326 F.2d 613, 613 (4th Cir.) (noting that witness sequestration "prevent[s] the possibility of one witness shaping his testimony to match that given by other witnesses at the trial"), *cert. denied*, 377 U.S. 955, 84 S.Ct. 1633, 12 L.Ed.2d 499 (1964). The merit of such a rule has been recognized since at least biblical times. The *Apocrypha*, vv. 36–64, relates how Daniel vindicated Susanna of adultery by sequestering the two elders who had accused her and asking each of them under which tree her alleged adulterous act took place. When they gave different answers, they were convicted of falsely testifying. *See* 6 John H. Wigmore, Wigmore on Evidence § 1837, at 455–56 (James H. Chadbourn ed., 1976). It is now well recognized that sequestering witnesses "is (next to

cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice." *Id.* § 1838, at 463.

■ Despite the powerful policies behind sequestration, the rule must yield to the yet more powerful confrontation and due process considerations of allowing the parties themselves to be in court and to present their cases. *See* Fed.R.Evid. 615 advisory committee's note. Thus, sections (1) and (2) exempt from sequestration parties to the litigation, deeming the party in the case of a corporation to be its designated corporate officer or employee. And section (3) exempts any person whose presence is found by the district court to be essential to the presentation of the party's cause.[1]

■ Because of its important role in reaching the truth, Rule 615 carries a presumption favoring sequestration. *See United States v. Farnham*, 791 F.2d 331, 335 (4th Cir.1986). Accordingly, we construe the rule's exemptions "narrowly in favor of the party requesting sequestration." *Id.* For the same reason, the party seeking to avoid sequestration of a witness bears the burden of proving that a Rule 615 exemption applies. *See United States v. Jackson*, 60 F.3d 128, 135 (2d Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 487, 133 L.Ed.2d 414 (1995), *and cert. denied*, — U.S. —, —, 116 S.Ct. 951, 1057, 133 L.Ed.2d 875, 134 L.Ed.2d 201 (1996); *Government of the Virgin Islands v. Edinborough*, 625 F.2d 472, 476 (3d Cir. 1980).

■ Our review of a district court's application of Rule 615 depends on the nature of the district court's ruling. We review *de novo* the district court's order refusing sequestration or sequestering a person whom it finds exempt under section (1) or (2), and we review for clear error factual findings about who is a party, officer, or employee. But a ruling under section (3) resembles a trial

---

1. Federal Rule of Evidence 615 provides:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

court's evidentiary rulings, which fall within the courts' broad discretion over the conduct of trials. Accordingly, we apply an abuse of discretion standard to a district court's judgment about whether section (3) exempts a person as essential to a party's presentation of its cause. *See Jackson*, 60 F.3d at 134–35; *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209 (5th Cir.1993), *cert. denied*, 510 U.S. 1116, 114 S.Ct. 1064, 127 L.Ed.2d 383 (1994).

In the case before us, Opus 3 invoked Rule 615 because Mack's factual testimony was expected to be at the core of the dispute. And in response, Heritage Park argued that Mack should be exempted from sequestration because (1) he was its expert witness who needed to hear other testimony to form his opinions, and (2) he was Heritage Park's designated trial representative.

### A

In arguing that Mack was exempt from sequestration because of his role as expert witness, Heritage Park relies on section (3) of Rule 615, which exempts from sequestration persons essential to the presentation of its cause, and on Federal Rule of Evidence 703, which permits experts to base their opinions on facts and data made known to them "at or before the hearing."

■ Because Rule 615 is designed to preclude fact witnesses from shaping their testimony based on other witnesses' testimony, it does not mandate the sequestration of expert witnesses who are to give *only* expert opinions at trial. Indeed, an expert who is not expected to testify to facts, but only assumes facts for purposes of rendering opinions, might just as well hear all of the trial testimony so as to be able to base his opinion on more accurate factual assumptions. Nevertheless, we decline to adopt a *per se* rule

exempting expert witnesses, even those who are expected only to render opinions, from sequestration. The rule does not provide such an exemption and section (3) vests in trial judges broad discretion to determine whether a witness is essential. *See Morvant v. Construction Aggregates Corp.*, 570 F.2d 626, 630 (6th Cir.), *cert. dismissed*, 439 U.S. 801, 99 S.Ct. 44, 58 L.Ed.2d 94 (1978).

■ In the case before us, even if Mack were going to testify only as an expert, Heritage Park failed to establish that he needed to hear the trial testimony of the other witnesses in order to render his opinions. Mack had received and reviewed all of Opus 3's records, including its expert's records of the cost of services rendered, and had prepared a written analysis well before trial. Thus, Heritage Park never articulated why Mack's presence was " 'essential,' rather than simply desirable." *Jackson*, 60 F.3d at 135.

■ But Mack was not just an expert witness. He was a fact witness whose testimony was crucial to the disputed issues. Whether Heritage Park owed Opus 3 money hinged in part on the relative credibility of Mack on the one hand and Opus 3's witnesses on the other. And the district court excluded Mack not because he was an expert who would not benefit from testimony, but because he was a key fact witness. It is in precisely this circumstance that adherence to the sequestration rule is most important. *See Farnham*, 791 F.2d at 335. ("Scrupulous adherence to [the sequestration rule] is particularly necessary in those cases in which the outcome depends on the relative credibility of the parties' witnesses").

■ We conclude that the district court did not abuse its discretion in ruling that Mack was not exempt under section (3) of Rule 615.[2]

---

2. On appeal, Heritage Park also contends that Mack's presence in the courtroom was essential to the presentation of its cause because he was needed "to advise counsel in the management of the litigation." But Heritage Park failed to present this contention to the trial judge when he was ruling on Opus 3's sequestration request. Heritage Park argued only that Mack was a "critical witness." Such an assertion, however, is insufficient to justify the Rule 615(3) exemption. *See*

*Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1374 (5th Cir.1981) (noting that defendants argument that expert witness was "crucial" to their case did not invoke Rule 615(3) exemption); *Morvant*, 570 F.2d at 629 (rejecting argument that expert was needed to advise counsel for failure to present it to district court). Moreover, even now Heritage Park cannot demonstrate that Mack's presence was essential to the presentation of its cause; it has not articulated any spe-

## B

Heritage Park also argues that Mack "was specifically employed, authorized and designated by Heritage Park to be its representative at trial," and that by excluding him from the courtroom during the trial, the court violated Heritage Park's right—"of constitutional dimension"—to be present during trial, in violation of section (2) of Rule 615.

■ Section (2) exempts from sequestration only "an officer or employee of a party which is not a natural person designated as its representative by its attorney." Yet, in the pretrial order in this case, Heritage Park stated that "Mr. Mack has never been an agent, employee, officer or director of Heritage Park." And Heritage Park never recanted its position that Mack was an independent contractor who was not authorized to bind the company in any respect. Moreover, we can find no evidence in the record that Mack was in fact a Heritage Park employee. There is no indication that the company paid him a salary, that it paid taxes or other assessments generally due in respect of employees, or that its officers controlled Mack. Because the district court's finding that Mack was not an officer or employee of Heritage Park for section (2) purposes is not clearly erroneous, Heritage Park failed to meet the exemption's requirements.

■ While Heritage Park had to concede under its theory of the case that Mack was not a corporate officer or employee, it falls back on the letter that Heritage Park's president sent to Mack before trial designating him "to act on behalf of Heritage Park, Inc. at the trial." Heritage Park argues that, by virtue of the letter, Mack became an employee of the company for Rule 615 purposes and therefore was entitled to be present at trial as Heritage Park's corporate representative. We cannot agree that a corporation's mere designation of a person to act on its behalf at trial converts the person into its employee. Moreover, to allow a corporate party to "employ" a person solely as its trial representative would render Rule 615 meaningless. A corporate party could avoid the rule in every case by designating its key witness or "employing" that witness as its trial representative. We decline to recognize the efficacy of such a practice.

## III

■ Finally, Heritage Park challenges the sufficiency of Opus 3's damages evidence. While Heritage Park failed to present its argument to the district court, we need not determine whether Heritage Park has thereby waived it because the district court's damages award is well supported by the evidence in the record. Opus 3 introduced into evidence (1) all of the invoices from its various suppliers and subcontractors relating to its construction activities for Heritage Park, (2) the time records for its labor, (3) testimony from Opus 3's witnesses that Opus 3 had actually incurred the various expenses, and (4) expert testimony that the amounts of the invoices and labor charges were reasonable.

Accordingly, the judgment of the district court is

*AFFIRMED.*

---

cific harm to counsel that resulted from Mack's sequestration.