UNITED STATES of America, Plaintiff,

v.

Aurelio J. ORTIZ, Jr., Sarah Ann Kozak, and Ramiro Astello, Defendants.

No. CR 97–3008–MWB.

United States District Court,
N.D. Iowa.
Central Division.

July 16, 1998.

Janet L. Papenthien, Robert L. Teig, Asst. U.S. Attys., Sioux City, IA, for U.S.

Stanley Munger, Munger & Reinshcmidt, Sioux City, IA, Jennifer Ann Bicknese, Whitesell & Bicknese, Iowa Falls, IA, for Defendant Kozak.

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT KOZAK'S ORAL MOTION FOR AN EXEMPTION FOR HER INVESTIGATOR FROM THE ORDER FOR SEQUESTRATION OF WITNESSES**

BENNETT, District Judge.

TABLE OF CONTENTS

I. INTRODUCTION ...............................................1059

II. LEGAL ANALYSIS .............................................1060
 A. Sequestration Of Witnesses And Exemptions ...........................1060
 B. The Rule 615(3) Exemption ..........................................1061
 1. Principles and proof...........................................1061
 2. Exemptions for defendants' investigators .........................1063
 C. Applicability Of The Rule 615(3) Exemption ............................1064
 1. Klaphake considerations .........................................1065
 2. The six factors from Jackson .....................................1065
 3. Further "fairness" considerations .................................1066

III. CONCLUSION ................................................1067

May a defendant in a criminal prosecution obtain an exemption from a comprehensive witness sequestration order for an investigator, appointed pursuant to the Criminal Justice Act, to be present in the courtroom during the testimony of other witnesses, but still subsequently testify, pursuant to Federal Rule of Evidence 615(3)? That is the question before the court as trial commences in this prosecution of three defendants on federal charges of kidnapping, conspiracy to kidnap, and using and carrying a firearm during and in relation to crimes of violence and drug trafficking. One of the defendants made an oral motion for the exemption shortly after the jury was empaneled, and the court ruled from the bench the following morning after hearing oral arguments. This written order confirms the court's oral ruling granting the defendant's motion, because decisions of the courts of appeals suggest that " 'the trial court should explicate the factors considered if sequestration is denied.' " *See United States v. Agnes*, 753 F.2d 293, 306 (3d Cir.1985) (quoting *Government of the Virgin Islands v. Edinborough*, 625 F.2d 472, 476 (3d Cir.1980)).

## I. INTRODUCTION

On July 9, 1998, defendant Sarah Ann Kozak orally moved the court for permission for her investigator, appointed pursuant to provisions of the Criminal Justice Act (CJA), 18 U.S.C. § 3006A(e), to be present in the courtroom during her trial, along with two co-defendants, even though the investigator had been identified as a potential witness on her behalf. She wishes the investigator to be free to enter or leave the courtroom, to hear the testimony or portions of the testimony of other witnesses, to consult with counsel during the trial, including counsel relaying what witnesses had testified to, and to testify as to the results of investigations, including investigations prompted by testimony of other witnesses. The court had previously entered a detailed order for witnesses to be excluded pursuant to FED. R. EVID. 615 so that they could not hear the testimony of other witnesses. That order provided, *inter alia*, that counsel were to instruct their witnesses not to read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it; that counsel were to instruct their witnesses that until the trial is concluded they should not talk with or speak to any of the parties, or witnesses involved in this case; that the lawyers, the parties, and their agents are precluded from relaying information to witnesses about the nature and content of testimony or physical evidence that has been presented at trial; and that all witnesses be excluded, except the parties and the government's case agent, from the courtroom during the trial. Order Regarding Defendants' Motions in Limine and Miscellaneous Trial Related Motions of June 17, 1998, p. 17. The order also limited consultation between counsel and non-defendant witnesses to breaks that occur during the witness's direct testimony, but prohibited any discussion between counsel and the witness about the nature or content of previous testimony, and prohibited any consultation at all between counsel and the witness regarding the witness's testimony once the witness is tendered for cross-examination. *Id.*

Kozak's motion was made following four days of jury selection at the end of the day between opening statements by defendants. Although the court heard some argument at the time the motion was made, the court deferred ruling until the following day so that the parties—and for that matter the court—could research the question. The following morning, before the jury was seated for the remainder of opening statements, the court heard oral arguments from Kozak's counsel and the United States. The court then orally granted Kozak's motion, but now files this written memorandum opinion to confirm and clarify the basis for its ruling.

## II. LEGAL ANALYSIS

### A. Sequestration Of Witnesses And Exemptions

Rule 615 of the Federal Rules of Evidence provides as follows:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

FED. R. EVID. 615. The Advisory Committee found that "[t]he efficacy of excluding or sequestering witnesses has long been recognized as a means of discouraging and exposing fabrication, inaccuracy, and collusion." *Id.*, Advisory Committee Notes, 1972 Proposed Rules (citing 6 WIGMORE §§ 1837–1838); *see also Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628 (4th Cir.1996) ("The rule is designed to discourage and expose fabrication, inaccuracy, and collusion," and further observing that the rule "has been

recognized since at least biblical times"); *United States v. Jackson*, 60 F.3d 128, 135 (2d Cir.), *cert. denied*, 516 U.S. 980, 116 S.Ct. 487, 133 L.Ed.2d 414 (1995), *and cert. denied*, 516 U.S. 1130, 116 S.Ct. 951, 133 L.Ed.2d 875, *and cert. denied*, 516 U.S. 1165, 116 S.Ct. 1057, 134 L.Ed.2d 201 (1996). The rule is concerned with the possibility that a witness present in court might modify his or her testimony to comport with that of other witnesses. *See United States v. Klaphake*, 64 F.3d 435, 437 (8th Cir.1995) (citing *United States v. Agnes*, 753 F.2d 293, 307 (3d Cir. 1985)); *see also Opus 3 Ltd.*, 91 F.3d at 629 ("Rule 615 is designed to preclude fact witnesses from shaping their testimony based on other witnesses' testimony[.]"); *Jackson*, 60 F.3d at 133 (the rule " 'exercises a restraint on witnesses "tailoring" their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid,' " quoting *Geders v. United States*, 425 U.S. 80, 87, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976)). Indeed, one court has observed, "It is now well recognized that sequestering witnesses 'is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice.' " *Opus 3 Ltd.*, 91 F.3d at 628 (citing 6 JOHN H. WIGMORE, WIGMORE ON EVIDENCE § 1838, at 463 (James H. Chabourn ed., 1976)). Thus, "[s]crupulous adherence to [the sequestration rule] is particularly necessary in those cases in which the outcome depends on the relative credibility of the parties' witnesses." *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir.1986); *accord Opus 3 Ltd.*, 91 F.3d at 629 (adherence to the sequestration rule is most important as to fact witnesses).

▮ Nevertheless, the rule specifically identifies three exemptions.[1] "[T]he party seeking to avoid sequestration of a witness bears the burden of proving that a Rule 615 exemption applies." *Opus 3 Ltd.*, 91 F.3d at

---

1. The Fourth Circuit Court of Appeals has explained the purpose of these exemptions as follows:

 Despite the powerful policies behind sequestration, the rule must yield to the yet more powerful confrontation and due process considerations of allowing the parties themselves to be in court and to present their cases. *See* FED. R. EVID. 615 advisory committee's note.

 Thus, sections (1) and (2) exempt from sequestration parties to the litigation, deeming the party in the case of a corporation to be its designated corporate officer or employee. And section (3) exempts any person whose presence is found by the district court to be essential to the presentation of the party's cause.

 *Opus 3 Ltd.*, 91 F.3d at 628.

628; *accord Jackson,* 60 F.3d at 135; *Edinborough,* 625 F.2d at 476. The judge must determine, in his or her discretion, whether the witness falls within one of the exemptions from exclusion under Rule 615. *Jackson,* 60 F.3d at 135; *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.,* 993 F.2d 1201, 1209 (5th Cir.1993), *cert. denied,* 510 U.S. 1116, 114 S.Ct. 1064, 127 L.Ed.2d 383 (1994).

### B. The Rule 615(3) Exemption

#### 1. Principles and proof

 The exemption in question here, the third, exempts from exclusion "a person whose presence is shown by a party to be essential to the presentation of the party's cause." FED. R. EVID. 615(3). The Advisory Committee Notes state that the third exemption "contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." *Id.,* Advisory Committee Notes, 1972 Proposed Rules. Thus, the Eighth Circuit Court of Appeals has stated that "[a] party seeking to exempt a witness from a sequestration order must show that the witness has such specialized expertise or intimate knowledge of the facts that the party could not effectively function in the witness's absence." *Klaphake,* 64 F.3d at 437 (citing *Agnes,* 753 F.2d at 306–07); *accord Oliver B. Cannon & Son v. Fidelity & Cas. Co.,* 519 F.Supp. 668, 678 (D.Del.1981) (to exempt a witness from a sequestration order, the defendant must show that the witness "has such specialized expertise or intimate knowledge of the facts of the case that a party's attorney could not effectively function without the presence and aid of the witness or that the witness would be unable to present essential testimony without hearing the trial testimony of other witnesses."). A showing that the witness's presence would be "helpful" is not enough; the party seeking an exemption from sequestration must demonstrate that the witness's presence is "essential" to his or her cause. *See Opus 3 Ltd.,* 91 F.3d at 629 ("[S]ection (3) vests in trial judges broad discretion to determine whether a witness is essential," and "Heritage Park never articulated why Mack's presence was 'essential,' rather than simply desirable," quoting *Jackson, infra* ); *Jackson,* 60 F.3d at 135 ("[I]f the court is considering exempting the witness from sequestration under Rule 615(3), [the court must consider] whether the witness's presence is 'essential' rather than simply desirable."); *Agnes,* 753 F.2d at 307 (the presence of the exempted witness must be "essential," not just "helpful"); *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171, 175 (3d Cir.1977) (a party desiring the exemption of a particular witness from a sequestration order has the burden to show that the witness is essential to the presentation of the case); *see also* FED. R. EVID. 615(3) (the exemption applies to "a person whose presence is shown by a party to be *essential* to the presentation of his cause"; emphasis added).[2]

In *Klaphake,* the Eighth Circuit Court of Appeals upheld the district court's decision not to exempt from its sequestration order a witness who had been the defendant's business associate pursuant to Rule 615(3):

> We conclude that Klaphake has failed to establish that his attorney could not effectively function in Noske's absence or that Noske was unable to present essential testimony without having heard the trial testimony of other witnesses. Although Klaphake argues that Noske was intimately aware of the manner in which his taxes were prepared and that she had the best knowledge whether various documents contained her handwriting, he does not explain why information concerning such matters could not have been communicated to his attorney prior to trial. Moreover, Noske was a fact witness, and her profes-

---

**2.** In *Opus 3 Ltd.,* the Fourth Circuit Court of Appeals stated,

> We review de novo the district court's order refusing sequestration or sequestering a person whom it finds exempt under section (1) or (2), and we review for clear error factual findings about who is a party, officer, or employee. But a ruling under section (3) resembles a trial court's evidentiary rulings, which fall within the courts' broad discretion over the conduct

of trials. Accordingly, we apply an abuse of discretion standard to a district court's judgment about whether section (3) exempts a person as essential to a party's presentation of its cause. *See Jackson,* 60 F.3d at 134–35; *Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.,* 993 F.2d 1201, 1209 (5th Cir.1993), *cert. denied,* 510 U.S. 1116, 114 S.Ct. 1064, 127 L.Ed.2d 383 (1994).

*Opus 3 Ltd.,* 91 F.3d at 628–29.

sional relationship with Klaphake increased the possibility that she might modify her testimony to comport with that of other defense witnesses. *See Agnes,* 753 F.2d at 307. We likewise reject Klaphake's claim that the sequestration order precluded Noske from giving expert testimony. The district court expressly stated that Noske would not be barred from expressing opinions as an expert, assuming that she was qualified to do so. Once the district court lifted its sequestration order after Noske had subsequently invoked her privilege against self-incrimination, Klaphake was free to call her as an expert witness and disclose to her the testimony of other witnesses. Accordingly, we find no error in the district court's refusal to exempt Noske from the sequestration order.

*Klaphake,* 64 F.3d at 437.

In *Agnes,* the decision upon which the Eighth Circuit Court of Appeals relied for guidance in *Klaphake,* the Third Circuit Court of Appeals discussed the third exception to Rule 615 in greater detail:

We observe initially that the decision not to sequester witnesses because they are "essential" under Rule 615(3) is within the sound discretion of the district court, and a reversal on appeal will be made only upon a showing of an abuse of that discretion. *See Government of Virgin Islands v. Edinborough,* 625 F.2d 472, 475 (3d Cir.1980); *United States v. Maestas,* 523 F.2d 316, 321 (10th Cir.1975) . . . .

. . . In *Edinborough,* the court, in *dicta,* interpreted Rule 615(3) broadly to permit the mother of a young rape victim to remain in the courtroom while her daughter was testifying. The court set forth guidelines in applying Rule 615(3):

"A party who believes that the presence of the witness is 'essential' must bear the burden of supporting that allegation and showing why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation. The party desiring sequestration must then be given an opportunity to show why sequestration is needed. Finally, the trial court should explicate the factors considered if sequestration is denied."

*Edinborough,* 625 F.2d at 476.

*Agnes,* 753 F.2d at 306. The Second Circuit Court of Appeals has detailed a similar procedure for resolving a dispute about sequestration of witnesses:

Because a court may only decline to grant a party's request to sequester particular witnesses under one of the Rule 615 exemptions, the rule carries a strong presumption in favor of sequestration. The party opposing sequestration therefore has the burden of demonstrating why the pertinent Rule 615 exception applies, *Edinborough,* 625 F.2d at 474, and "why the policy of the Rule in favor of automatic sequestration is inapplicable in that situation," *id.* at 476. The party requesting sequestration should thereafter have a chance to demonstrate its necessity. *Id.* Such an exchange affords the court full opportunity to consider the competing interests and, if it denies the motion, to explain the factors it considered in reaching its decision. *Id.*

*Jackson,* 60 F.3d at 135.

More generally, in *Jackson,* drawing on case law from various circuits, the Second Circuit Court of Appeals developed a list of six considerations for the district court in exercising its discretion to grant or deny an exemption from a witness sequestration order:

1) how critical the testimony in question is, that is, whether it will involve controverted and material facts; 2) whether the information is ordinarily subject to tailoring, *see United States v. Prichard,* 781 F.2d 179, 183 (10th Cir.1986) (Testimony regarding "simple objective facts" is "ordinarily not subject to tailoring, and, if it were, it could have been exposed easily."), such that cross-examination or other evidence, *cf. United States v.. Womack,* 654 F.2d 1034, 1040–41 (5th Cir.1981), *cert. denied,* 454 U.S. 1156, 102 S.Ct. 1029, 71 L.Ed.2d 314 (1982), could bring to light any deficiencies; 3) to what extent the testimony of the witness in question is likely to encompass the same issues as that of other witnesses, *see [United States v.] Pulley,* 922 F.2d [1283,] 1286–87 [(6th Cir.), *cert. denied,* 502 U.S. 815, 112 S.Ct. 67, 116 L.Ed.2d 42 (1991) ]; 4) the order in which the witnesses will testify, *see id.* at 1286; 5) any

potential for bias that might motivate the witness to tailor his testimony, *see United States v. Agnes,* 753 F.2d 293, 307 (3d Cir.1985) (Sequestration found proper when government feared defendant's girlfriend would have both the ability and motive to modify her testimony in favor of defendant.); and 6) if the court is considering exempting the witness from sequestration under Rule 615(3), whether the witness's presence is "essential" rather than simply desirable.

*Jackson,* 60 F.3d at 135.

## 2. *Exemptions for defendants' investigators*

A handful of cases have considered whether a defendant in a criminal case could invoke a Rule 615(3) exemption to permit the testimony of an investigator who had heard or would hear the testimony of other witnesses. In *Agnes,* the defendant sought to exempt from a sequestration order the defendant's girlfriend, on the ground that she had served the defense as an investigator in the preparation for trial. *Agnes,* 753 F.2d at 306. The district court denied the request, *United States v. Agnes,* 581 F.Supp. 462, 474 (E.D.Pa.1984), and the Third Circuit Court of Appeals affirmed. *Agnes,* 753 F.2d at 307. The defendant argued that his girlfriend had greatly assisted in the preparation of the defense and that her absence from the courtroom would result in delays at trial. *Id.* The government countered that, because she was the defendant's girlfriend, she would be able to modify her testimony to favor the defendant based on the testimony of others and the conduct of the trial. *Id.* The Third Circuit Court of Appeals resolved the dispute as follows:

> We hold that the district court did not abuse it discretion in refusing to exempt Helene Sandole from the sequestration order. The defendant failed to demonstrate that Sandole's presence at trial was essential to the presentation of the defense, as is necessary for an exemption under Rule 615(3). Moreover, because Sandole was the girlfriend of the defendant, there was an increased possibility that she would modify her testimony to comport more fully with that of other defense witnesses. Although we agree with defendant that, at the trial, the district court should have

stated more explicitly its reasons for refusing to exempt Sandole, we conclude that the trial court's failure to do so does not constitute reversible error.

*Agnes,* 753 F.2d at 307. However, *Agnes* is not persuasive here, because the investigator Kozak seeks to have exempted from exclusion is a court-appointed investigator pursuant to provisions of the Criminal Justice Act, 18 U.S.C. § 3006A(e), not the defendant's girlfriend or someone else with a natural bias or tendency to modify testimony to comport with other defense witnesses. Rather, the investigator's only interest in the case is a professional one.

In *United States v. Benally,* 756 F.2d 773 (10th Cir.1985), the Tenth Circuit Court of Appeals affirmed a district court's refusal to let an investigator for the defendant testify after the investigator had been at the counsel table throughout the trial. *Benally,* 756 F.2d at 778. Although the government had designated a representative at the time the court entered an exclusion order pursuant to Rule 615, the defendant had not designated anyone it wished to exempt. *Id.* Without explaining the reasons for its ruling, the Tenth Circuit Court of Appeals affirmed the district court's refusal of permission for the defendant's investigator to testify, stating only that in excluding the testimony, "the court did not abuse its discretion." *Id.* (citing *United States v. Gibson,* 675 F.2d 825, 835 (6th Cir.), *cert. denied,* 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285 (1982), and *United States v. Kiliyan,* 456 F.2d 555, 561 (8th Cir.1972)).

The cases upon which the Tenth Circuit Court of Appeals relied in *Benally* offer little guidance here, although they clarify the basis for the ruling in that case, because both involve violation of a sequestration order, not a pre-trial request for an exemption. In *Gibson,* the Sixth Circuit Court of Appeals affirmed denial of part of a new trial motion, brought on the ground that the defendant had been denied leave to present the testimony of an auditor who had been present to assist defense counsel in court. *Gibson,* 675 F.2d at 835. The court noted that "[t]he decision whether a witness who fails to obey a sequestration order may subsequently take

the stand is undoubtedly one for the trial court," although violation of a sequestration order "does not automatically bar a witness' testimony." *Id.* The court found that "particular circumstances" sufficient to justify exclusion of such a witness are "indications that the witness has remained in court with the 'consent, connivance, procurement or knowledge' of the party seeking his testimony." *Id.* at 836 (quoting *Kiliyan*, 456 F.2d at 560). The court found that in the case before it, the auditor had remained in court with the knowledge and consent of defense counsel and that counsel should have anticipated the need to call the auditor as a witness, and therefore the auditor's testimony was properly excluded. *Id. Kiliyan* also involved exclusion of a witness, the defendant's wife, who had disobeyed a sequestration order. *Kiliyan*, 456 F.2d at 561. The Eighth Circuit Court of Appeals concluded from the facts that her presence in court could "be interpreted only as an intentional violation, not only on the part of Mrs. Kiliyan, but also on the part of the defendant and his counsel," and there was no offer of proof that her testimony was relevant and material, such that "particular circumstances" justified the witness's exclusion. *Id.* In the present case, however, Kozak's counsel has anticipated the need for the investigator to be exempted from the sequestration order and has sought the court's permission for him to remain in court during the testimony of other witnesses before any such testimony was offered.

In *United States v. Sanchez*, 866 F.Supp. 1542 (D.Kan.1994), the district court excluded the testimony of an investigator for the public defender's office, offered in rebuttal to other testimony, because the investigator had been present in the courtroom throughout the hearing in question despite a sequestration order. *Sanchez*, 866 F.Supp. at 1547. The defendant argued that he could not have anticipated the need to call the investigator as a witness until other evidence was admitted, and therefore it would be unfair and too harsh a penalty to exclude the investigator's testimony. *Id.* at 1547–48. The court denied a motion for rehearing, because it believed its exclusion of the witness's testimony was correct under FED. R. EVID. 615, and because the investigator's evidence would be "largely cumulative" of evidence already admitted,

such that there was no prejudice to the defendant from excluding the witness. *Id.* at 1548. Thus, *Sanchez* also stands on a significantly different procedural footing from the present, pre-trial motion for a Rule 615(3) exemption.

On a procedural footing more similar to that presented here is *United States v. Burger*, 773 F.Supp. 1430 (D.Kan.1991). In *Burger*, one of the defendants asked, pre-trial, that his investigator be allowed to remain in the courtroom under FED. R. EVID. 615(3). *Burger*, 773 F.Supp. at 1440. The court first determined that the defendant was required to show that his attorney would not be able to function effectively without the presence of the investigator, *id.* (citing *Oliver B. Cannon & Son, Inc.*, 519 F.Supp. at 678), and that the defendant "ha[d] not made such a showing," although the court did not detail what showing or argument for the exemption had been made. *Id.* The court also found that permitting the investigator to sit through the testimony of other witnesses would be contrary to the purpose of sequestration, because "it would allow [the investigator] to shape his testimony to directly refute or corroborate witnesses' testimony to favor [the defendant]." *Id.* Clearly, this second ground cannot stand alone if the defendant has indeed made a sufficient showing to meet one of the express exemptions to the general rule. It is to the question of whether Kozak can show that the presence of her investigator is "essential" within the meaning of the exemption in Rule 615(3) that the court turns next.

### C. Applicability Of The Rule 615(3) Exemption

■ Kozak argues that her investigator is "essential" to the presentation of her cause, as required by Rule 615, not merely "helpful." *See* FED. R. EVID. 615(3); *Opus 3 Ltd.*, 91 F.3d at 629; *Jackson*, 60 F.3d at 135; *Agnes*, 753 F.2d at 307; *Varlack*, 550 F.2d at 175. Kozak argues that excluding her investigator will prevent her from responding to testimony of witnesses in court with a prompt investigation and contrary testimony. The court does not understand Kozak to be arguing that her investigator "handled the

transaction being litigated," or that the investigator is an "expert" needed to advise counsel in the management of the litigation. *Compare* FED. R. EVID. 615, Advisory Committee Notes, 1972 Proposed Rules. Rather, the court understands her argument to be that the investigator has or will have "intimate knowledge of the facts" such that Kozak's counsel could not effectively function in the investigator's absence, *Klaphake,* 64 F.3d at 437, and that the investigator would be unable to present essential testimony without hearing the trial testimony of other witnesses, or at least learning about that testimony, such that he could perform his investigative duties. *See id.* (the defendant failed to establish that the witness was unable to present essential evidence without having heard the trial testimony of other witnesses); *Oliver B. Cannon & Son,* 519 F.Supp. at 678 (one ground to exempt a witness is to show that the witness would be unable to present essential testimony without hearing the trial testimony of other witnesses).

### 1. Klaphake considerations

█ The court's analysis is guided, in the first instance, by considerations raised in *Klaphake,* 64 F.3d at 437, a decision of this circuit's court of appeals. The court notes that, as a matter of trial strategy, Kozak did not engage in reciprocal discovery with the United States pursuant to FED. R. CRIM. P. 16, although her co-defendants did. Consequently, she is less able than her co-defendants to anticipate what investigation and what evidence she may require to defend the case against her, and, unlike the situation in *Klaphake,* because the investigator's investigations are on-going, he could not have communicated all of the information he may ultimately have to Kozak's counsel prior to trial. *Compare Klaphake,* 64 F.3d at 437 (there was no explanation of why the witness sought to be exempted could not have communicated her information to the defendant's attorney prior to trial). The court does not believe it is proper to "penalize" Kozak for the strategic decision not to engage in reciprocal discovery by depriving her of the opportunity to pursue effective investigations on the basis of evidence presented against her during the course of the trial. The investigator can only respond effectively to other testimony if he

has heard it—the first opportunity for any of Kozak's defense team to know precisely what evidence is arrayed against them—and can therefore tailor his *investigation* to be *responsive* to the testimony of other witnesses, as opposed to tailoring his testimony to comport with defense witnesses on some collusive ground. *Compare id.* (the defendant failed to establish that the witness was unable to present essential evidence without having heard the trial testimony of other witnesses); *Oliver B. Cannon & Son,* 519 F.Supp. at 678 (one ground to exempt a witness is to show that the witness would be unable to present essential testimony without hearing the trial testimony of other witnesses). Thus, the court finds that the investigator has or will have "intimate knowledge of the facts" such that Kozak's counsel could not effectively function in the investigator's absence. *Klaphake,* 64 F.3d at 437. Therefore, the presence of the investigator is "essential" as required by Rule 615(3). *Opus 3 Ltd.,* 91 F.3d at 629; *Jackson,* 60 F.3d at 135; *Agnes,* 753 F.2d at 307; *Varlack,* 550 F.2d at 175.

Moreover, although the investigator will likely testify as a fact witness concerning the results of his research, the court sees little "increased ... possibility that [the investigator] might modify [his] testimony to comport with that of other defense witnesses." *Compare Klaphake,* 64 F.3d at 437; *Agnes,* 753 F.2d at 307. First, the investigator will likely be testifying to "simple objective facts," which is testimony "ordinarily not subject to tailoring." *Prichard,* 781 F.2d at 183. Second, the investigator in question here is not someone personally associated with the defendant, as was the case in *Agnes,* 753 F.2d at 306 (exemption was sought for the defendant's girlfriend on the ground that she had served the defendant as an investigator preparing for trial), and *Kiliyan,* 456 F.2d at 561 (the witness sought to be exempted was the defendant's wife). Rather, he is an investigator appointed pursuant to the CJA, with no other interest in the proceedings. The considerations in *Klaphake* weigh in favor of granting Kozak's motion.

### 2. The six factors from Jackson

Next, applying the six factors propounded by the Second Circuit Court of Appeals in

*Jackson,* 60 F.3d at 135, the court finds, first, that the testimony of Kozak's investigator at least has the potential to be critical, as it will likely respond to controverted and material facts developed at trial. *Id.* Second, as pointed out above, the investigator will likely be testifying to "simple objective facts," which is testimony "ordinarily not subject to tailoring," *Prichard,* 781 F.2d at 183, and the investigator has little interest in such tailoring, while any such testimony will be subject to cross-examination and other evidence. *Jackson,* 60 F.3d at 135 (citing *Womack,* 654 F.2d at 1040–41). Third, because it is responsive to evidence proffered by the United States, the investigator's testimony will more than likely encompass, at least to some extent, issues about which other witnesses will testify, but from the perspective of rebuttal or corroboration upon investigation, not merely cumulativeness. *Id.* (citing *Pulley,* 922 F.2d at 1286–87). Fourth, although the investigator's testimony will likely come rather late in the proceedings, in Kozak's response to the United States' case-in-chief, the materiality of the investigator's testimony outweighs the extent to which the investigator will already have been exposed to, and potentially influenced by, prior testimony. *Id.* Fifth, again as the court noted above, the investigator has little personal motivation to tailor his testimony. *Id.* Sixth and last, also as noted above, the investigator's presence is "essential" rather than simply desirable. *Id.* Applying these factors, therefore, Kozak's motion for an exemption should also be granted.

### 3. Further "fairness" considerations

In addition to these factors, this court finds that there are also issues of fairness to be considered in determining the "essentialness" of the presence of the defendant's investigator during the testimony of other witnesses even if the investigator will subsequently testify. First, Judge Richard Arnold has observed that the United States is "the richest, most powerful, and best represented litigant" to appear before the federal courts. *United States v. Samuels,* 808 F.2d 1298, 1301 (8th Cir.1987) (Arnold, J., concurring in denial of rehearing *en banc* ). At least with regard to "the richest, most powerful" part of Judge Arnold's insight, defen-

dants and their counsel (particularly CJA-appointed counsel, who daily face the obstacle of grossly disproportionate resources) witness first hand in virtually every criminal trial in federal court the simple truth of Judge Arnold's observation. The disparity of resources is further enhanced by the second exemption in Rule 615, which has been designed, at least in part, to accommodate the needs of the government to have a case agent at counsel table. *See* FED. R. EVID. 615(2) (exempting from exclusion "an officer or employee of a party which is not a natural person designated as its representative by its attorney"); *id.,* Advisory Committee Notes, 1972 Proposed Rule ("Most of the cases have involved allowing a police officer who has been in charge of an investigation to remain in court despite the fact that he will be a witness"). The Advisory Committee Notes upon enactment of Rule 615 in 1974 were entirely devoted to use of this second exemption for government case agents. *Id.,* Advisory Committee Notes, 1974 Enactment; *see also United States v. Gonzalez,* 918 F.2d 1129, 1138 (3d Cir.1990) (noting that the case agent is the government's "designated representative" and that "[m]any circuits recognize a 'case agent' exception to the typical rule of sequestration, basing the exception on Rule 615," and "cases hold that the government case agent responsible for a particular investigation should be permitted to remain in the courtroom, even though the agent will often testify later on behalf of the government. Such an exception is envisioned by Rule 615(2), and it is further supported by legislative history."), *cert. denied,* 498 U.S. 1107, 111 S.Ct. 1015, 112 L.Ed.2d 1097, *and cert. denied,* 499 U.S. 968, 111 S.Ct. 1604, 113 L.Ed.2d 667, *and cert. denied,* 499 U.S. 982, 111 S.Ct. 1637, 113 L.Ed.2d 733 (1991). Also, courts have permitted the government to have, in addition to a case agent pursuant to the second exemption, another case agent in court pursuant to the third exemption, both of whom will later testify, *see United States v. Phibbs,* 999 F.2d 1053, 1072–73 (6th Cir.1993), *cert. denied,* 510 U.S. 1119, 114 S.Ct. 1070, 127 L.Ed.2d 389 (1994); *United States v. Rivera,* 971 F.2d 876, 889–90 (2d Cir.1992); *Pulley,* 922 F.2d

at 1286, or even to have more than one case agent pursuant to each of these exemptions. *See Jackson*, 60 F.3d at 134–35 ("Because the Rule does not expressly limit to one the number of exemptions per provision, we conclude that this discretion extends to deciding whether, in a particular case, more than one witness should be exempt under a particular subprovision."). Even one case agent available to the government has access to almost unlimited law enforcement investigative resources—federal, state, and local—to perform the necessary footwork if unanticipated issues come up during trial. Against this full panoply of resources available to the government, a criminal defendant can reasonably show the presence of one investigator in the courtroom, who must also then perform the footwork of necessary investigations and testify upon the results of his or her investigations, is "essential" within the meaning of the Rule 615(3) exemption. Kozak can certainly make this showing here, where the government does indeed have a case agent present at counsel table.

Indeed, this court is skeptical of the contention that having a case agent for the government at counsel table throughout the trial, although the agent is or may be a witness, somehow "compares with the situation defense counsel finds himself in [because] he always has the client with him to consult during the trial." Rule 615, Advisory Committee Notes, 1974 Enactment, ¶ 1. Even if a defendant in a criminal case has some knowledge of the facts, which may be comparable to the case agent's,[3] a criminal defendant lacks either the skills of a trained investigator or the opportunity and resources available to a case agent to pursue an investigation. Consequently, to this court's way of thinking, the Rule 615(2) exemption for a case agent does more than balance out the presence of a criminal defendant at counsel table throughout a trial, it furthers a disparity in favor of the government. Therefore, exempting an investigator for the defendant from the sequestration order pursuant to Rule 615(3) goes some way toward rebalancing the disparity of resources and expertise

against which a criminal defendant must contend when the government has invoked the "case agent" exemption in Rule 615(2). An investigator for the defendant who is exempt from the sequestration order is therefore "essential" to the presentation of the criminal defendant's cause, as required by Rule 615(3), in the circumstances presented here, which involve the defendant's continuing need for investigation during the course of a multi-defendant trial, where the government has invoked the Rule 615(2) exemption for a case agent.

Furthermore, the sequestration order would prevent Kozak and her counsel from communicating to someone outside of the courtroom, who might later testify, the content of other witnesses' testimony and the nature of the necessary investigation for contrary evidence. Also, because Kozak's investigator is court-appointed pursuant to 18 U.S.C. § 3006A(e), she does not have the option of having one investigator in court and another sequestered: such resources are unavailable. Even if such resources were available, however, the Advisory Committee Notes to Rule 615 recognize that using both a witness and non-witness investigator *by the government* "would not generally meet government counsel's needs." Rule 615, Advisory Committee Notes, 1974 Enactment, ¶ 1. There is no reason why use of two investigators, one in court and another sequestered, would meet *defense* counsel's needs any more effectively. Thus, these further fairness factors also weigh in favor of granting Kozak's motion.

### III. CONCLUSION

Defendant Kozak has made a sufficient showing that the presence of her investigator in the courtroom during the testimony of other witnesses, even though the investigator is a potential witness on her behalf, is "essential" within the meaning of the third exemption from Rule 615 exclusion. Kozak's motion is therefore granted and her investigator

---

**3.** A criminal defendant may have knowledge of the facts only to the extent of his own actions or involvement in criminal activity involving more than one person. The case agent, by contrast, may have a much more "global" knowledge of the facts and involvement of all of the defendants in a multi-defendant case.

is exempted from the court's sequestration order pursuant to Rule 615(3).

**IT IS SO ORDERED.**