IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2002

## NORMAN MATTHEWS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-24881     Bernie Weinman, Judge**

_____

### No. W2001-02895-CCA-R3-PC  - Filed October 18, 2002

_____

The Appellant, Norman Matthews,[1] appeals the denial of his petition for post-conviction relief.  In March 2000,  Matthews pled guilty to burglary of a building and received an eight-year sentence. On appeal, Matthews argues that: (1) it was error for the post-conviction court to allow trial counsel to remain in the courtroom during the evidentiary hearing, despite invocation of "the rule" providing for sequestration of witnesses, and (2) he received ineffective assistance of counsel.  After review, we affirm the judgment of the Shelby County Criminal Court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee, for the Appellant, Norman Matthews.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Braden H. Boucek,  Assistant Attorney General; William L. Gibbons, District Attorney General; and Camille McMullen, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

#### Procedural History

On November 8, 1998, the Appellant was apprehended inside Marine Supply Co. by police officers responding to a silent alarm.  When police arrived at the scene, they observed the front window broken out and the Appellant attempting to exit the business through a rear window.  The

---

[1]At the post-conviction hearing, the Appellant testified that his "real name" was Norman O'Brian; however, the record reflects that he was indicted and sentenced under the name of Norman Matthews.  For purposes of identity with prior judicial proceedings and Department of Correction records, we use the name of "Matthews" in this opinion.

officers ordered him to return to the front of the building and, upon compliance with that order, the Appellant was taken into custody. Police reports indicate that the Appellant stated "he threw a brick through the front glass and that he was going to take the FAX machine and he had busted open the coke machine."

The Shelby County Grand Jury returned an indictment against the Appellant on June 29, 1999, for burglary of a building, a class D felony. On March 22, 2000, the Appellant pled guilty to the indicted offense and, under the terms of a negotiated plea agreement, received an eight-year sentence as a persistent offender.

On March 29, 2001,[2] the Appellant filed a *pro se* petition for post-conviction relief, which was later amended following appointment of counsel. An evidentiary hearing was held on September 20, 2001, at which the Appellant and the Appellant's trial counsel were the only witnesses. The Appellant testified that he pled guilty only because trial counsel had not adequately prepared for trial and he felt certain that he would get the full twelve years in the Department of Correction if he did not accept the plea. Specifically, the Appellant asserted that if Detective Derek Davis had been called to support the Appellant's assertion, that at the time he was an informant with the Shelby County Narcotics Unit, he would have gone to trial rather than accept the eight-year agreement. The Appellant also alleged that trial counsel failed to interview and call the victim of the crime as a witness and that he failed to properly investigate his case.

At the hearing, trial counsel acknowledged that the Appellant had informed him the reason he was in the area that evening was because he was working as a police informant. According to the Appellant, drug dealers spotted him outside the building and threatened to kill him unless he gave them three hundred dollars. The Appellant claimed that, as a ruse to escape them, he told the drug dealers he would get them fifteen hundred dollars worth of navigation equipment from inside the store. The Appellant explained that he entered Marine Supply Co. only to call 911, not to rob it.

Trial counsel testified that he did in fact talk to one of the detectives whose name he received from the Appellant, in order to try and establish the truth of the Appellant's assertions. However, trial counsel maintained that even if it could be established that the Appellant was an informant, that fact had no bearing on the defense in this case, as the Appellant did not commit the crime while acting within his "informant" status.

On October 15, 2001, the post-conviction court entered an order denying the Appellant's petition for post-conviction relief. The post-conviction court found that "the advice given and the services rendered by the Defendant's counsel were within the range of competency demanded by an attorney in a criminal case and that [trial counsel's] representation of the Defendant, his preparation for trial, and at the guilty plea complied with the requirements."

---

[2]The Petition was timely filed as it was delivered to prison authorities on March 21, 2001.

**Analysis**

On appeal, the Appellant first asserts that the post-conviction court erred by not excluding trial counsel from the courtroom during the course of the evidentiary hearing.[3] Tennessee Rule of Evidence 615 allows either party to exclude witnesses. *See* Tenn. R. Evid. 615. However, the rule contains an exception for "a person whose presence is shown by a party to be essential to the presentation of the party's cause." *Id.* The party seeking to avoid sequestration bears the burden of proving that a Rule 615 exemption applies. *El Paso Pitts v. State*, No. W2001-01563-CCA-R3-PC (Tenn. Crim. App. at Jackson, Apr. 17, 2002) (citing *United States v. Ortiz*, 10 F. Supp. 2d 1058, 1060 (N.D. Iowa 1998)). On appeal, the standard of review is abuse of discretion. *State v. Harris*, 839 S.W.2d 54, 68 (Tenn. 1992).

This court has previously held that, under "the special circumstances . . . in a post-conviction proceeding in which a petitioner claims that his trial attorney was ineffective, it is entirely reasonable to conclude that the trial attorney's presence would be essential for the presentation of the state's case." *State v. Jerome Brown*, No. 03C01-9107-CR-00201 (Tenn. Crim. App. at Knoxville, Oct. 6. 1992). During the evidentiary hearing, the attorney would need to hear the testimony offered against him so that he could answer the charges. *Id.*

We conclude that the post-conviction court did not abuse its discretion by refusing to exclude the trial attorney from the hearing. This issue is without merit.

The Appellant next contends that the quality of representation provided by his trial counsel constituted ineffective assistance of counsel. In order to succeed on a post-conviction claim, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997).

To succeed on a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. In the context of a guilty plea, the prejudice prong focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). To satisfy this prong, the Appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

---

[3]Only those issues which implicate federal or state constitutional rights are cognizable in a post-conviction proceeding. Tenn. Code Ann. § 40-30-203. Although the Appellant's assertion of violation of the rule of sequestration of witnesses does not implicate a constitutional right, we, nonetheless, extend review of this claim solely within the context of determining whether abridgement of this alleged evidentiary right thwarted the Appellant's presentation of a guaranteed constitutional right.

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458. Upon *de novo* review, accompanied by a presumption that the post-conviction court's findings are correct, this court must determine whether the Appellant received the effective assistance of counsel.

The Appellant contends that trial counsel's failure to adequately prepare for trial by ensuring that "necessary witnesses" were subpoenaed led to his "best interests" guilty plea. Although the "necessary witnesses" are not specifically identified in his brief, at the post-conviction hearing, the Appellant made reference to Detective Davis and the victim of the offense. Neither witness was called at the post-conviction hearing.

The Appellant bears the burden of showing that the evidence preponderates against the trial court's finding that he received effective assistance of counsel. Initially, when a petitioner claims that trial counsel failed to investigate or present a witness in support of his defense, the petitioner should present that evidence or the witness at the evidentiary hearing. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Because the Appellant presented no such evidence or "necessary witnesses" at the hearing, it would be speculative to conclude that their testimony would have affected the outcome of the case. Thus, the Appellant has failed to meet his burden by clear and convincing evidence. This issue is also without merit.

## CONCLUSION

Based upon the foregoing, we conclude that no error was committed by the post-conviction court and that the Appellant received effective assistance of counsel. The post-conviction court properly denied the Appellant's petition for relief. Accordingly, the judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE