**Donald R. LEWIS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 25S00–8808–CF–726.

Supreme Court of Indiana.

June 6, 1990.

James O. Wells, Jr., Rochester, for appellant.

Linley E. Pearson, Atty. Gen., Lisa A. McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, Donald R. Lewis, was convicted of burglary following a jury trial and found to be a habitual offender. He was sentenced to 10 years in prison, enhanced by 30 years for the habitual offender finding.

He raises the following issues in this direct appeal:

1. denial of motion to suppress evidence of victim's identification of defendant;

2. exclusion of testimony regarding a statement made by the defendant;

3. admission of documents during habitual offender phase; and

4. sufficiency of habitual offender proof.

### 1. Identification Evidence

The defendant filed a motion to suppress "any evidence of identification of the defendant" by the victim because "the police officer displayed the defendant so as to be suggestive[.]" The trial court denied the motion following a hearing.

The evidence at the hearing and at trial showed the victim had returned home from work at approximately 7 a.m. and had gone to bed at approximately 10 a.m. He awoke around 3:30 p.m. and was preparing to take a shower when he heard his dog barking frantically. The victim walked into the hallway to see what was going on and saw a man running from his living room toward the kitchen, then out to the garage. He was able to see what the man was wearing and that the man had a beard and long brownish-blond hair pulled into a ponytail and held a screwdriver in his hand.

The victim ran back to the bedroom and put some clothes on; he ran outside, where he saw a truck parked in a ditch about an eighth of a mile from his house. The victim got his own truck, and as he pulled out of his driveway, he saw the other truck pull onto the road. He followed the truck in an attempt to get a license plate number and could see there were two people in the truck. The victim could see the driver's face in the truck's side mirror and the back of the driver's head through the rear window. He testified that the driver was the man who had been in his house.

The victim stopped the chase after the truck narrowly missed hitting a group of children playing near the road. He flagged down a woman who drove by and asked her to call the sheriff. After the victim waited a few minutes at the woman's house, a sheriff's deputy called, saying deputies had found the truck and "had a pretty good idea ... who owned the truck" and asking the victim to meet them where the truck was found.

The woman led the victim to the location, and he drove down a narrow lane to a remote area, where he recognized the truck as the one he had chased. He looked into the cab and saw a screwdriver that he recognized as his from the paint stains on it. As the victim prepared to leave, a car came down the lane, then abruptly stopped and turned around. One of the two deputies at the scene got in his car and stopped the other car. The victim stopped his car behind the deputy's car, which was behind the other car. The deputy got out and spoke to the two people in the car—the defendant, who the deputies had learned was the owner of the truck, and the defendant's mother. The deputy then walked back and asked the victim if he could see the people in the car. The victim said the one on the right could be the man who had been in his house because he could see that person had long hair, but he couldn't see well from behind. The deputy then had the defendant step out of the car, and the victim identified him as the man who had been in his house approximately two and one-half hours earlier. The defendant was then arrested.

■■■ The defendant argues that this "show-up" was unreasonably suggestive and not warranted by any exigency. Identification procedures that are so suggestive as to give rise to a substantial likelihood of misidentification violate a defendant's due process rights. *Glover v. State* (1982), Ind., 441 N.E.2d 1360, 1363. However, it is permissible for a law enforcement officer to present a suspect for identification within a few hours of the commission of the crime. *Id.* Identifications of a freshly apprehended suspect have been held to be not unnecessarily suggestive despite the suggestive factors unavoidably involved in such confrontations because of the value of the witness's observation of the suspect while the image of the offender is fresh in his mind. *Dishman v. State* (1988), Ind., 525 N.E.2d 284; *Glover*, 441 N.E.2d at 1363.

We find that the victim's out-of-court identification in this case was not improper under the circumstances. The trial court did not err in admitting testimony about the identification nor in allowing the in-court identification.

*2. Exclusion of Defendant's Statement*

The defendant next argues the trial court erred in excluding testimony regarding a statement he had made.

The defendant's mother testified as a defense witness at trial. On her direct examination, the following exchange occurred:

Q. And then what happened?
A. I asked him where his truck was at and he said his truck was over by Bob

Savage[']s ... would I take him over and get it. I said.... I asked him what the truck was doing over there and he said that J.D. called and....

MR. BROWN. Objection, your Honor. It's a self-serving declaration of the defendant. It's not admissible.

The trial court sustained the objection. The defendant later made an offer to prove that the defendant's mother would testify that the defendant told her that J.D. Hurst, a friend of his, had called and told him where he would find his truck.

The defendant contends the statement should not have been excluded because it fit within the *res gestae* hearsay exception. He argues that "[t]he act of Mrs. Lewis taking the defendant to get his truck was of extreme importance to the State's case and must be considered a part of the *res gestae* of the burglary charge against Lewis."

■ Statements within the *res gestae* exception are those simultaneously uttered at the time of the occurrence, transaction or accident at issue. *Hernandez v. State* (1982), Ind., 439 N.E.2d 625, 628. In determining whether or not the statements in the case at bar were a part of the *res gestae* it is useful to consider whether the "circumstances of the case were such to preclude the possibility of a shrewd and self-calculated answer." *Arnold v. State* (1978), 178 Ind.App. 614, 618, 383 N.E.2d 461, 463.

The "occurrence at issue" here is the burglary. The defendant's retrieval of his truck is not part of that occurrence such that his statement regarding how he knew where the truck was could be admitted as part of the *res gestae*. In addition, the possibility of a "shrewd and self-calculated answer" was not precluded, but was in fact facilitated by the passage of time.

The statement was properly excluded. *See Shelton v. State* (1986), Ind., 490 N.E.2d 738.

### 3. Admission of Habitual Offender Documents

The defendant argues that Exhibits 22 and 23 should not have been admitted dur-

ing the habitual offender phase because the documents comprising those exhibits were not properly certified. Specifically, he notes that one document was "totally unauthenticated" and that the other documents in Exhibits 22 and 23 do not indicate that the attesting officer had legal custody of the documents.

■ The defendant is correct that the one document (R. 447) should not have been admitted. Although it bears the seal of the circuit court and a stamp indicating it was recorded in the official records book of Broward County, Florida, there is no attestation that would comply with either Ind.Code § 34–1–17–7 or Trial Rule 44(A)(1). However, this document was merely a judgment against the defendant for public defender fees, and its admission was harmless.

The other documents in Exhibits 22 and 23 were properly attested in compliance with Trial Rule 44(A)(1), which specifically states that no proof that the attesting officer has custody of the record is required. There was no error in the admission of these documents.

### 4. Sufficiency of Habitual Offender Evidence

■ The defendant argues that there was insufficient evidence to prove he is the Donald Raymond Lewis whose burglary convictions in Florida and in Kosciusko County are documented in Exhibits 22 through 25, admitted during the habitual offender phase. He specifically points to the discrepancy between the Social Security number shown in the Florida documents and the number that the Fulton County jailer testified the defendant gave upon his incarceration in this case.

While certified copies of judgments or commitments containing the same or similar name as the defendant may be introduced to prove the commission of prior felonies, there must be other supporting evidence to identify defendant as the same person named in the documents. This proof of identity may be in the form of circumstantial evidence. A sufficient connection between the documents and the defendant is made if the evidence yields logical and reasonable inferences

from which the trier of fact may determine it was indeed the defendant who was convicted of the two felonies alleged. *Baxter v. State* (1988), Ind., 522 N.E.2d 362, 365.

The Fulton County jailer testified that the defendant's height was 5' 9", he weighed 150 pounds, had blue eyes and brown hair and was born in Warsaw, Indiana, on November 27, 1955. The Florida documents show a person with the same name as the defendant but also using an alias; the date and place of birth are identical, and the physical descriptions identical except for a 10–pound difference in weight. The Kosciusko County documents show a person with the same name as the defendant and the same date of birth. These documents do not indicate a place of birth or include a physical description, although they include a pre-sentence report that lists the same Florida conviction listed under the defendant's previous criminal history. There was sufficient evidence to show the defendant was the subject of the Florida and Kosciusko County documents.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.