**Rosalio HERNANDEZ, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 46S00–9702–CR–110.

Supreme Court of Indiana.

Oct. 1, 1999.

Atley C. Price, William J. Nelson, Molly E. Palmer, Michigan City, IN, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Rosalio Hernandez was convicted of Attempted Murder and found to be an habitual offender. He appeals, arguing that (1) the trial court committed reversible error in allowing the victim to remain seated at the prosecutor's table despite a valid separation of witnesses order, (2) exhibits establishing habitual offender status were not properly admitted, and (3) there was insufficient evidence to establish his habitual offender status. Finding to the contrary, we affirm Defendant's conviction and sentence enhancement as an habitual offender.

We have jurisdiction over this direct appeal because the sentence for his single conviction exceeds fifty years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

*Background*

In 1989, Defendant had an altercation with a correctional officer employed at the prison where Defendant was housed. Over the course of the next few years, other minor incidents inside the prison would cause their relationship to further deteriorate. On March 23, 1994, Defendant attacked and repeatedly stabbed this same officer. At trial, the State was permitted, over Defendant's objection, to allow the officer, Herbert Wallace, to remain seated at counsel table during the trial as an essential witness to assist the prosecution. Wallace was the last State witness to testify. On October 4, 1996, Defendant was convicted of Attempted Murder,[1] a Class A felony. Defendant does not challenge the evidence supporting this conviction, which included numerous eyewitness accounts of the attack.

During the second portion of the trial, the State introduced various exhibits through the testimony of an Indiana Department of Correction officer establishing Defendant's status as an habitual offender.

---

1. Ind.Code § 35-42-1-1 (1993); *id.* § 35-41- 5-1.

Defendant's thirty-year sentence for attempted murder was enhanced an additional thirty years based on the jury's habitual offender finding.

## Discussion

### I

Defendant contends that the trial court committed reversible error when it allowed the victim, Herbert Wallace, to remain seated at the prosecutor's table despite a valid separation of witnesses order. Defendant argues that Wallace's presence during the testimony of several prior witnesses gave the State an unfair advantage: Wallace was able to hear all prior testimony concerning both his own actions and those statements attributed to him and Defendant during the period prior to, during, and after the stabbing incident.

Defendant requested and received an order for separation of witnesses following the completion of *voir dire*. Afterwards, Defendant requested clarification regarding the order's application to Wallace, who was seated next to the deputy prosecuting attorney. The State responded that pursuant to Evidence Rule 615, Wallace was an "essential witness" to the presentation of its case. Wallace did eventually testify but only after thirteen other witnesses took the stand. Defendant claims he was unfairly prejudiced because "no other witness [besides Wallace] was afforded [this] opportunity," Appellant's Br. at 14, but he cites no authority for the claim that Wallace should have testified first or near the beginning of the State's case in chief.

On January 1, 1994, Indiana Evidence Rule 615 became effective. That rule provides:

> At the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of or discuss testimony with other witnesses,

and it may make the order on its own motion. This rule does not authorize the exclusion of (1) a party who is a natural person, or (2) an officer or. employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

Evid. Rule 615. The adoption of this Rule altered prior case law. Under our common law evidence regime, the decision to grant a separation of witnesses order was within the sound discretion of the trial court. *See Garland v. State*, 439 N.E.2d 606, 608 (Ind.1982). But under Rule 615, the trial court is required to grant motions for separation of witnesses orders. *Smiley v. State*, 649 N.E.2d 697, 699 n.5 (Ind. Ct.App.1995), *transfer denied*.

As the second sentence of Rule 615 makes clear, there are certain witnesses whom a court *cannot* exclude from the trial proceedings. *Fourthman v. State*, 658 N.E.2d 88, 90–91 (Ind.Ct.App.1995), *transfer denied*. Clause (3) exempts a witness whose presence is shown "to be essential to the presentation of the party's cause." Evid. R. 615(3). The moving party, however, must show that the " 'witness has such specialized expertise or intimate knowledge of the facts of the case that a party's attorney could not effectively function without the presence and aid of the witness.' " 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 615.04[3][b] (2d ed.1999) (discussing the showing required for exemption under the identical federal version of Rule 615(3)) (quoting *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co.*, 519 F.Supp. 668, 678 (D.Del.1981)); *United States v. Agnes*, 753 F.2d 293, 307 (3d Cir.1985) (quoting same).[2]

---

**2.** Pre–Rule 615 decisions of this Court "suggested that a party had a 'right' to exclude a 'chief witness' from a separation order." 13 Robert Lowell Miller, Jr., *Indiana Practice* § 615.103, at 284 n.15 (2d ed.1995) (citing *Averhart v. State*, 614 N.E.2d 924, 928 (Ind.

1993); *Wisehart v. State*, 484 N.E.2d 949, 956 (Ind.1985), *cert. denied*, 476 U.S. 1189, 106 S.Ct. 2929, 91 L.Ed.2d 556 (1986)). These cases recognized that it had "long been the standing practice in this State, *upon separation of witnesses*, that each party [had] a right

During a pre-trial hearing, the State showed that only Wallace had personal knowledge of all the particulars of its case from his original encounter with Defendant in 1989 until the 1994 stabbing. Furthermore, only Wallace would be able to assist in the cross-examination of other inmates, who as defense witnesses would testify that Defendant's attack was in "self-defense." We hold that the trial court did not err in finding Wallace qualified as an "essential witness" under Rule 615.[3] We base our holding on Wallace's unique · ability to assist the State in its presentation, and not on the "least weighty reason for considering a witness 'essential' to a case [which] is the factual knowledge he possesses." *Windsor Shirt Co. v. New Jersey Nat'l Bank*, 793 F.Supp. 589, 616, 618 (E.D.Pa.1992) (disallowing a proffered Rule 615(3) witness because it was unclear what difference it made that that witness possessed specialized expertise in banking areas that differed from another witness's specialties), *aff'd*, 989 F.2d 490 (3d Cir. 1993); *see also Miller v. State*, 648 N.E.2d 1208, 1210 (Ind.Ct.App.1995) (noting that " 'it is proper to except [from separation] the prosecuting witness ... to be present during the examination of other witness' " because to " 'exclude the prosecuting witness would ... place the state at great disadvantage, by leaving its representative without aid from any one having personal knowledge of the case' ") (quoting *Coolman v. State*, 163 Ind. 503, 72 N.E. 568 (1904) (alteration and omissions added)); *cf. Fourthman*, 658 N.E.2d at 91 (exempting a law enforcement officer to assist in the prosecution of a case under Rule 615(2) "even though the officer may also be called to testify as a witness") (citing 13 Robert Lowell Miller, Jr., *Indiana Practice* § 615.103, at 284 (2d ed.1995)).[4]

## II

At trial, the State introduced exhibits evidencing previous convictions, sentencings and commitments to show that Defendant was an habitual offender. Defendant contends that the trial court committed reversible error in admitting these exhibits. The challenged exhibits were as follows: Exhibits 35 and 38 were certified copies of court records evidencing Defendant's charging information and sentencing relating to his prior conviction for murder in 1989. Exhibits 44 and 45 were certified copies of prison records detailing his imprisonment for separate battery convictions in 1990 and 1993 respectively.

*Exhibits 35 and 38: Certified Copies of Court Records.* Defendant argues that the habitual offender determination must be set aside because the certification and stamp of the keeper of the records was not endorsed upon every page of two pertinent exhibits comprising certified copies of court records. He thus claims that the exhibits were inadmissible as evidence. We disagree.

An official record may be authenticated by the seal of a public officer "having official duties in the district or political subdivision in which the record is kept." Ind.Trial Rule 44(A)(1).[5] The rule "does

---

to have one person in the courtroom to aid counsel." *Averhart*, 614 N.E.2d at 928 (emphasis added) (citing *Abercrombie v. State*, 478 N.E.2d 1236 (Ind.1985)).

**3.** We acknowledge that the typical exemption under Rule 615(3) involves an expert witness or case agent and not a "fact and opinion witness." *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 629 (4th Cir.1996) (a Rule 615(3) case). Given Defendant's theory of the case and his long history with Wallace, we approve of exempting Wallace only because we find him " 'essential' [and] necessary; not [just] preferable, or 'better than some other state of

affairs.' " *Windsor Shirt Co. v. New Jersey Nat'l Bank*, 793 F.Supp. 589, 617 (E.D.Pa. 1992), *aff'd*, 989 F.2d 490 (3d Cir.1993).

**4.** The State does not argue on appeal the availability of the exemption provided by Evidence Rule 615(2) for an officer or employee of a party that is not a natural person.

**5.** Ind.Code § 34–1–17–7 (1993) (current version at § 34–37–1–8(2)(a) (1998)) is an alternative method of authentication to T.R. 44(A)(1) and is a sufficient means to certify court records in an habitual offender proceed-

not mandate that certification take a particular form." . *Stiles v. State,* 686 N.E.2d 886, 889 (Ind.Ct.App.1997).

Exhibit 35 is a two-page probable cause affidavit containing a certification stamp and signature of the Clerk of Delaware County on the first page only; additionally, the stamp contained a provision for the notation of total page numbers which was left blank. Similarly, Exhibit 38 is a three-page sentencing order containing a certification stamp and signature of the clerk on the last page only, with the stamp provision for the notation of total page numbers also left blank. A reading of the exhibits reveals that each is a complete document clearly referring to the same 1989 murder charge: Cause Number 18D01–8811–CF–46 appears on both documents.

■ The certification on a single "page" of either challenged exhibit provided adequate certification for the entirety of each exhibit as the certification placement "in no way caus[ed] confusion as to the authenticity of the paper." *Chanley v. State,* 583 N.E.2d 126, 131 (Ind.1991) (citing *Miller v. State,* 563 N.E.2d 578, 584 (Ind. 1990)) (ruling admissible under T.R. 44(A)(1) a multi-page document where the certification of a prior felony conviction referred to "foregoing" documents, but which was stapled to the top of the exhibit and thus nothing was "foregoing"); *cf. Lewis v. State,* 554 N.E.2d 1133, 1136 (Ind. 1990) (noting that a document pertaining to a prior offense was improperly admitted during the habitual offender phase of a burglary trial as the document bore the seal of a circuit court and a stamp indicating it was recorded in an official records book, but no attestation accompanied the document). The trial judge properly admitted into evidence both Exhibits 35 and 38.

■ *Exhibits 44 and 45: Indiana Department of Correction Records.* Defendant challenges the admissibility of State's Exhibits 44 and 45 under a different theory: that the certification document for each exhibit lacked an incorporation by reference to page numbers for the attached documents. Once again, we disagree with Defendant's assertion that these exhibits were inadmissible as evidence.

Each exhibit was nearly identical in form and contained a Certification of Records form signed and certified by the "designated keeper of the records at the Indiana State prison." The certification form referenced the attached "photographs, fingerprint sheet, description sheet and commitment sheet/cause no." relating to Defendant's imprisonment for separate battery convictions in 1990 (Exhibit 44) and 1993 (Exhibit 45). Each attached document referred to either a cause number or Defendant's prison number as it appeared on the certification form. We discern no confusion as to the authenticity of the documents. *See Chanley,* 583 N.E.2d at 131.

In *Badelle v. State,* 434 N.E.2d 872 (Ind.1982), this Court upheld an habitual offender determination against a similar claim. We concluded that "a certification by the Keeper of the Records of the Indiana State Farm that 'the attached are true and complete copies ...'" was proper "certification of all of the rest of the documents in the exhibit" as required by T.R. 44(A)(1). *Id.* at 877. As was the case in *Badelle,* Defendant "cites no authority for the proposition [that] each page of [a] multi-page exhibit must be separately certified," *id.,* nor are we aware of any authority requiring that attachments be numbered and incorporated by reference on the certification document.

<hr>

ing. *Logston v. State,* 535 N.E.2d 525, 529 (Ind.1989). It directs that "[e]xemplifications or copies of records ... kept in any public office in [Indiana], shall be proved or admitted as legal evidence in any court ... in

[Indiana], ... by the attestation of the keeper of said records ... and the seal of office of said keeper thereto annexed if there be a seal." Ind.Code § 34–1–17–7.

There was no error in the admission of these documents and attachments.

## III

Defendant contends that the State's evidence during the habitual offender phase of the trial was insufficient to establish Defendant's identity, and the trial judge erred in denying his motion for a directed verdict. Defendant notes specifically that the "State of Indiana chose to rely entirely upon the testimony of a *single witness*," Indiana Department of Correction Officer Karl Swihart,[6] "to prove up the existence of two or more prior unrelated felony convictions as well as identifying the Defendant as having received convictions." Appellant's Br. at 20 (emphasis added). Defendant points to inconsistencies in Swihart's testimony and argues that the "admissible evidence regarding [his] identity was insufficient to sustain a conviction." We disagree.

 Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies. *Schlomer v. State*, 580 N.E.2d 950, 958 (Ind.1991) (citing *Andrews v. State*, 536 N.E.2d 507 (Ind.1989)). While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. *Id.; see also Coker v. State*, 455 N.E.2d 319, 322 (Ind.1983). If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown. *Pointer v. State*, 499 N.E.2d 1087, 1089 (Ind.1986).

 The record shows that the jury found Defendant was twice convicted and twice sentenced for the two prior unrelated felonies of murder in 1989 and battery causing serious bodily injury in 1993. To prove the 1989 murder conviction and sentence, the State offered into evidence the information, probable cause affidavit, order adjudicating probable cause, jury verdict, sentencing order, and Defendant's prison records. To prove the 1993 battery causing serious bodily injury conviction and sentence, the State offered into evidence the information (originally charged as attempted murder), probable cause affidavit, jury verdict for battery causing serious bodily injury, sentencing order, and Defendant's prison records.

The State introduced this evidence through the testimony of Officer Swihart who worked at the prison where Defendant was an inmate. Swihart testified that he was familiar with Defendant and with the contents of Defendant's offender packet, which included numerous court documents, identification cards, and photographs of Defendant. Swihart readily identified Defendant in court as the same individual whose photographs appeared in the prison records. We find that the State presented sufficient evidence from which the jury could conclude that Defendant was the person convicted of murder in 1989 and battery causing serious bodily injury in 1993.

### Conclusion

We affirm the judgment of the trial court as to both Defendant's conviction and sentence enhancement as an habitual offender.

SHEPARD, C.J., concurs, believing that while this witness/employee may be "essential," many complaining witnesses would not meet the test under Rule 615.

SELBY, J., concurs.

BOEHM, J., dissents with opinion in which DICKSON, J., concurs.

---

**6.** Defense counsel earlier argued that Swihart was such an able and competent witness that the State should have tabbed him as their Rule 615 "essential witness" in lieu of Wallace. *See supra* Part I. As stated in Defendant's brief, Swihart's "testimony clearly shows [his] familiarity with *all of the facts and circumstances* before, during and after the stabbing." Appellant's Br. at 13 (emphasis added).

BOEHM, Justice, dissenting.

I join in parts II and III of the Court's opinion. However, I believe it was reversible error to permit Wallace to remain at the counsel table because Wallace did not meet the requirements of Evidence Rule 615(3) as an "essential witness." I reach this conclusion for the reasons suggested by the majority in footnote 3. The trial court's rulings as to the status of a potential witness as "essential" under Indiana Evidence Rule 615(3) are reviewed using an abuse of discretion standard. *See Fourthman v. State*, 658 N.E.2d 88, 90 (Ind.Ct.App.1995) ("[w]hether a witness fits in an exemption under Rule 615 is within the trial court's discretion"). The trial court in this case appears to have relied on pre-Rules of Evidence case law "that a party has a right to choose one person to assist it in the presentation of [its] cause."[1] Because the trial court's ruling that Wallace was an "essential witness" was based on this incorrect view of the applicable law, it expressed no judgment on the degree to which Wallace was "essential" and therefore its ruling is not entitled to deference.

Indiana has little case law concerning the application of Rule 615, but the Indiana rule is nearly identical to that in some other jurisdictions, including the federal courts.[2] Accordingly, cases from these other jurisdictions interpreting Rule 615 provide useful guidance in construing the exceptions to Indiana Evidence Rule 615. The Advisory Committee Notes to Federal Rule of Evidence 615 state that the essential witness "category contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." Generally, this exception has been applied to expert witnesses or witnesses who summarize large amounts of information "[b]ecause Rule 615 is designed to preclude fact witnesses from shaping their testimony based on other witnesses' testimony ... [. I]t does not mandate the sequestration of expert witnesses who are to give only expert opinions at trial." *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 629 (4th Cir.1996); *see also Polythane Sys., Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1209 (5th Cir.1993); *United States v. Ortiz*, 10 F.Supp.2d 1058, 1061 (N.D.Iowa 1998) (to qualify as essential under Rule 615(3), the party must show that the "party's attorney could not effectively function without the presence and aid of the witness," not that the witness is merely helpful or desirable) (quoting *Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co.*, 519 F.Supp. 668, 678 (D.Del.1981)); 4 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 615.04[3][b] (2d ed.1999).

A fact witness—as opposed to one with necessary expertise—is to be excluded as a matter of the operation of the rule in the absence of some unusual circumstances. *See Opus*, 91 F.3d at 629 ("adherence to the sequestration rule is most important" with respect to "key fact witness[es]"). The trial court found no particular need for Wallace to assist counsel, and none is apparent to me.

Assuming an error occurred under Rule 615, the question remains whether it requires reversal and under what standard

---

1. Perhaps the trial court had Rule 615(2) in mind. Wallace's presence would have been permitted under that rule as the representative of a party (the State) if he had remained an employee as of the time of trial. Wallace testified that although he worked for the Indiana State Prison at the time of the incident, at the time of trial he was employed by the Department of Justice. If he had continued to be employed by the State of Indiana, under the facts presented here, any formal failure to designate Wallace as the State's representative at the trial would be at worst harmless error. *Cf. Heeter v. State*, 661 N.E.2d 612, 615 (Ind.Ct.App.1996).

2. Federal Rule of Evidence 615 was amended in 1998 to create a fourth category of persons who may not be excluded under a separation order. These are "person[s] authorized by statute to be present." Other than this addition, the only differences between the federal and Indiana rules are stylistic.

we make that decision. Indiana has no precedent on these points. There are three standards in federal courts and courts of other states addressing errors in witness separation orders under rules identical or similar to our Rule 615. The majority of federal courts require the party objecting to the decision to show prejudice occurred as a result of the error. *See United States v. Sykes*, 977 F.2d 1242, 1245 (8th Cir.1992); *United States v. Prichard*, 781 F.2d 179, 183 (10th Cir. 1986); *Virgin Islands v. Edinborough*, 625 F.2d 472, 474 (3d Cir.1980); *United States v. Warren*, 578 F.2d 1058, 1076 (5th Cir. 1978) (en banc), *modified on other grounds*, 612 F.2d 887 (5th Cir.1980). Other courts require the party supporting the erroneous decision to show that the error was harmless. In other words, there is a presumption of prejudice that must be overcome before the erroneous decision may stand. *See United States v. Jackson*, 60 F.3d 128, 136–37 (2d Cir.1995); *United States v. Brewer*, 947 F.2d 404, 411 (9th Cir.1991); *United States v. Pulley*, 922 F.2d 1283, 1286 (6th Cir.1991); *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir.1986); *State v. Roberts*, 126 Ariz. 92, 612 P.2d 1055, 1057 (1980). Finally, at least one court has suggested that a violation of Rule 615 should result in an automatic reversal. *See United States v. Burgess*, 691 F.2d 1146, 1157 (4th Cir.1982).

Because there is no meaningful way to measure the harmfulness of the educational value to a witness who sits through the other witnesses' testimony before taking the stand, I think that the correct approach is to presume prejudice when the trial court errs on a separation order. This can be overcome if the non-movant can show that no prejudice occurred. Here no such showing has been made. Accordingly, enforcement of the rule requires reversal in this case.

DICKSON, J., concurs.