**Elliott D. TYSON, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 49S00–0006–CR–381.

Supreme Court of Indiana.

April 26, 2002.

Teresa D. Harper, Indianapolis, Indiana, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice.

Following a single trial involving two separate criminal incidents, the defendant, Elliott Tyson, was convicted of two counts of conspiracy to deal in a narcotic drug, one as a class A felony and one a class B felony, and two counts of dealing in a narcotic drug, one as a class A felony and one as a class B felony. The defendant was also found to be a habitual offender.

On appeal, the defendant contends that his convictions for conspiracy and dealing in a narcotic drug violate the Indiana Double Jeopardy Clause and that his habitual offender finding was based on insufficient evidence.

The defendant's first contention is that his convictions and sentences for multiple counts of dealing in a narcotic drug and conspiracy to deal a narcotic drug violate the Indiana Double Jeopardy Clause, Article 1, Section 14 of the Indiana Constitution, specifically the "actual evidence test" explicated in *Richardson v. State,* 717 N.E.2d 32 (Ind.1999). To show that two challenged offenses constitute the same offense under the actual evidence test, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish all

the essential elements of one offense may also have been used to establish all the essential elements of a second challenged offense. *Spivey v. State*, 761 N.E.2d 831, 833 (Ind.2002); *Redman v. State*, 743 N.E.2d 263, 267 (Ind.2001); *Richardson*, 717 N.E.2d at 53.

The essential elements of the offense of conspiracy to deal a narcotic drug are: (1) the defendant (2) agreed with one or more other persons to commit the crime of dealing in a narcotic drug (3) with the intent to commit dealing in a narcotic drug and (4) the defendant or one of the persons to the agreement performed an overt act in furtherance of the agreement. Ind.Code § 35–41–5–2. The essential elements of the offense of dealing in a narcotic drug are: (1) the defendant (2) knowingly or intentionally (3) delivered (4) a narcotic drug, pure or adulterated. Ind.Code § 35–48–4–1(a)(1).

The court read the charging information to the jury. Count I and III, charging conspiracy to deal a narcotic drug, alleged that the defendant and Charles McCauley, with intent to deal narcotics, agreed with each other to deliver heroin, a narcotic drug, to J. Avington, and then as an overt act of that agreement, delivered the heroin. As to the dealing in a narcotic drug, counts, II and IV, the charging information alleged that the defendant and McCauley knowingly delivered heroin a narcotic drug to J. Avington.[2]

On two separate occasions Indianapolis Police Detective Jeffrey Avington and a confidential informant purchased ten bindles of heroin for $200 from the defendant and McCauley. These transactions followed a similar pattern—the confidential informant paged the defendant, he returned the call, an order for heroin was placed with the defendant, a meeting place was established, and the parties met and exchanged the money and drugs.

It is thus reasonably possible that the evidence used by the jury to establish the essential elements of the conspiracy charge (the defendant, intending to deal, agreed with McCauley, and the defendant delivered the heroin to Avington) were also used to prove the essential elements of dealing (defendant, knowingly, delivered heroin to Avington). Under the actual evidence test, the defendant has demonstrated that for both transactions his convictions for both dealing a narcotic drug and conspiracy to deal a narcotic drug violate the Indiana Double Jeopardy Clause. Both convictions cannot stand. We therefore vacate the defendant's conspiracy convictions in Counts I and III.

The defendant also contends that there was insufficient evidence to support his habitual offender finding. Specifically, the defendant argues that the evidence did not support one of the alleged prior offenses, operating while intoxicated.[3] In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime prov-

---

**2.** The charging language of Counts III and IV were parallel to Counts I and II except that Counts I and II, based on a separate criminal incident that occurred on a different day, were charged as class A felonies because they were alleged to have been committed within 1000 feet of a school.

**3.** The defendant does not challenge the other alleged previous conviction—possession of a narcotic drug.

en beyond a reasonable doubt. *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind.2000).

◼ In regard to the use of documents to establish the existence of prior convictions we have stated:

> Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies. *Schlomer v. State,* 580 N.E.2d 950, 958 (Ind.1991) (citing *Andrews v. State,* 536 N.E.2d 507 (Ind.1989)). While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. *Id.; see also Coker v. State,* 455 N.E.2d 319, 322 (Ind.1983). If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown. *Pointer v. State,* 499 N.E.2d 1087, 1089 (Ind.1986).

*Hernandez v. State,* 716 N.E.2d 948, 953 (Ind.1999). To prove the defendant was previously convicted of operating while intoxicated the State offered into evidence the information, plea agreement, and the minutes of the court for the guilty plea. Record at 495–96, 501, 504. The documents carry a consistent cause number for this offense,[4] and the name the offender and other identifying information match the defendant. There was sufficient evidence from which a fact-finder could find beyond a reasonable doubt that the defendant was convicted of two separate and unrelated felonies.

---

4. While the information does not list the cause number in the pre-printed space for the cause number (it is blank) the cause number is stamped on the document. It is reasonable

## Conclusion

The defendant's convictions for dealing in a narcotic drug, Counts II and IV, are affirmed, and his convictions for conspiracy to deal in a narcotic drug, Counts I and III, are vacated. This cause is remanded to the trial court to sentence the defendant accordingly, and to attach the habitual offender enhancement to one of the Counts affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

for the fact-finder to infer that the cause number stamped on the document applies to the same charge in which the defendant subsequently pled guilty.