## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 18 2015, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Marion County Public Defender
Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marcus Hamilton, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | September 18, 2015 <br><br> Court of Appeals Case No. <br> 49A05-1502-CR-76 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Anne M. Flannelly, Judge Pro Tempore <br><br> Trial Court Cause No. <br> 49G04-1408-F5-40181 |

**Brown, Judge.**

[1] Marcus Hamilton appeals his conviction and sentence for battery as a level 5 felony. Hamilton raises two issues which we revise and restate as:

I. Whether the evidence is sufficient to sustain his conviction; and

II. Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

[2] On August 16, 2014, Ishmael Abdulmalik was at a gas station located at 38th Street and Capitol. He observed an altercation between Sonja Evans and Hamilton which escalated from an argument to a physical confrontation. Hamilton hit Evans "pretty hard" with his fist on her face. Transcript at 38. Hamilton struck Evans four or five times, and the blows made Evans stumble backwards. Abdulmalik called the police. When Hamilton picked up a very thick bottle, Abdulmalik intervened and said: "Maybe you should hit me with the bottle." *Id.* at 39.

[3] Indianapolis Metropolitan Police Officer Rob Hons arrived at the scene and observed Hamilton and Ishmael Abdulmalik yelling back and forth and Evans sitting by a sidewalk. Officer Hons separated Hamilton and Abdulmalik and spoke with them individually.

[4] Hamilton was angry, used an elevated voice, and said that Abdulmalik was a liar. Officer Hons spoke with Evans who was crying, upset, and timid. Officer

Hons observed a cut on her forehead and some swelling starting to form on her face around her mouth.

[5]     On August 19, 2014, the State charged Hamilton with Count I, battery with bodily injury as a class A misdemeanor, and Count II, domestic battery as a class A misdemeanor. Part II of Count I alleged that Hamilton was previously convicted of battery on the same person, Sonja Evans, and that the offense constituted a level 5 felony.

[6]     On January 22, 2015, the court held a bench trial. Officer Hons and Abdulmalik testified to the foregoing. Without objection, the court admitted a certified copy of booking information that contained a picture of Sonja Evans and a date of October 17, 2014. Officer Hons testified that the Sonja Evans pictured in the booking information was the same person at the scene. The booking information listed Evans's date of birth as February 11, 1976. The court also admitted a protective order dated July 26, 2012 which ordered Hamilton to have no contact with "Sonja Evans," listed Evans's birth year as 1976, and indicated that Evans and Hamilton resided together and were in an intimate relationship. State's Exhibit 6.

[7]     Hamilton testified that Evans was his fiancée and that she stayed with him "off and on." Transcript at 69. He testified that Evans threw a drink in his face, that he chased after her but could not catch her, and that he then argued with Abdulmalik until the police arrived. He denied striking Evans.

[8] The court found Abdulmalik "very credible" and found Hamilton guilty of Count I, battery with bodily injury as a class A misdemeanor, and Count II, domestic battery as a class A misdemeanor. *Id.* at 83.

[9] The court then asked the prosecutor to proceed to Part II of Count I. The State moved to dismiss Count II, domestic battery, and the court dismissed that count. Defense counsel stated that Hamilton stipulated that he was the same individual who was arrested in Part II of Count I. The court admitted documents related to cause number 49G17-1207-CM-51029 ("Cause No. 29"). Specifically, the court admitted the charging information under Cause No. 29 which alleged that Hamilton committed domestic battery as a class A misdemeanor, battery as a class A misdemeanor, and battery as a class B misdemeanor all against Sonja Evans on July 25, 2012. The court also admitted a probable cause affidavit from Cause No. 29, which alleged that Evans said that Hamilton had been her live-in boyfriend for the past two years, a plea agreement in Cause No. 29 in which Hamilton agreed to plead guilty to battery as a class B misdemeanor, and an abstract of judgment for Cause No. 29 indicating that Hamilton was sentenced to 180 days.

[10] Defense counsel argued that the evidence was insufficient that the same Marcus Hamilton who was arrested was also convicted in Cause No. 29. The prosecutor argued that it was not reasonable to think that another individual by the name of Marcus Hamilton happened to appear in court when the trial court took a factual basis from that individual under Cause No. 29.

The court found Hamilton guilty of battery as a level 5 felony. On January 30, 2015, Hamilton was sentenced to six years in the Department of Correction with four years executed and two years suspended to probation.

## *Discussion*

### I.

The first issue is whether the evidence is sufficient to sustain Hamilton's conviction for battery as a level 5 felony. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

Ind. Code § 35-42-2-1 governs the offense of battery and provides that "a person who knowingly or intentionally: (1) touches another person in a rude, insolent, or angry manner . . . commits battery, a Class B misdemeanor." "The offense . . . is a Class A misdemeanor if it results in bodily injury to any other person." Ind. Code § 35-42-2-1(c). "The offense . . . is a Level 5 felony if . . . [t]he person

has a previous conviction for battery against the same victim." Ind. Code § 35-42-2-1(f).

[14] Hamilton concedes that the court had a sufficient evidentiary basis to find him guilty of battery with bodily injury as a class A misdemeanor, but argues that the State did not prove beyond a reasonable doubt that the Sonja Evans he battered in 2014 was the same Sonja Evans he battered in 2012. The State contends that Hamilton requests this court to reweigh the evidence, and that with the same name, sex, race, and birth year, together with evidence of a domestic relationship with Hamilton in both cases, a reasonable trier of fact need not have doubted that the two women were one and the same.

[15] We note that cases addressing whether evidence is sufficient to sustain an habitual offender enhancement are instructive in this context. The Indiana Supreme Court has held:

> In regard to the use of documents to establish the existence of prior convictions we have stated:
>
> > Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies. While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown.

*Tyson v. State*, 766 N.E.2d 715, 718 (Ind. 2002) (quoting *Hernandez v. State*, 716 N.E.2d 948, 953 (Ind. 1999), *reh'g denied*) (citations omitted).

[16] The record reveals that the present offense and the 2012 offense both indicate that Sonja Evans was the victim. Hamilton testified that Evans was his fiancée and that she stayed with him "off and on." Transcript at 69. The probable cause affidavit from Cause No. 29 regarding the incident on July 25, 2012, alleged that Evans said that Hamilton had been her live-in boyfriend for the past two years. Further, Hamilton concedes that the Evans he battered in the present case and the woman he battered in 2012 were both born in 1976 and were black women. Based upon the record, including that both victims had the same name, race, and birth year, and the evidence that Hamilton and Evans were in a relationship and engaged, we conclude that the State presented evidence of a probative nature from which a reasonable trier of fact could have found that the Sonja Evans battered in August 2014 was the same Sonja Evans battered in July 2012 and that Hamilton was guilty of battery as a level 5 felony.

## II.

[17] The next issue is whether Hamilton's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the

appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[18] Hamilton argues that he received the maximum sentence possible which was inappropriate. He asserts that the nature of the offense was no more egregious than a typical battery with bodily injury. He acknowledges that his criminal history includes two felonies but asserts that his history is far from the worst. He also points out that he has a nine-year-old daughter with whom he has contact.

[19] To the extent Hamilton suggests that he received a maximum sentence, we note that the court suspended two years of his sentence to probation. Thus, we cannot say that he received the maximum executed sentence. *See Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010) (noting that in reviewing sentences pursuant to Ind. Appellate Rule 7(B), we may consider not only the appropriateness of the aggregate length of the sentence, but also "whether a portion of the sentence is ordered suspended or otherwise crafted using any of the variety of sentencing tools available to the trial judge").

[20] Our review of the nature of the offense reveals that Hamilton hit Evans's face "pretty hard" with his fist. Transcript at 38. He struck Evans four or five times, and the blows made her stumble backwards. Officer Hons observed a cut on Evans's forehead and some swelling starting to form on her face around her mouth. Hamilton had previously battered Evans in 2012.

[21] Our review of the character of the offender reveals that Hamilton has convictions for kidnapping as a class A felony in 1982, battery as a class A misdemeanor in 1993, possession of marijuana/hash/synthetic cannabinoid as a class A misdemeanor in 1996, two counts of carrying a handgun without a license as class A misdemeanors in 1998, felon in possession of a firearm in 2000, public intoxication as a class B misdemeanor in 2007, battery as a class A misdemeanor and public intoxication as class B misdemeanors in 2009, battery as a class A misdemeanor in 2010, public intoxication as a class B misdemeanor in 2012, and battery as a class B misdemeanor in 2012. The presentence investigation report ("PSI") indicates that his overall risk assessment score puts him in the very high risk to reoffend category.

[22] The PSI indicates that Hamilton has one child, the child lives with her maternal grandparents, Hamilton is not court-ordered to pay child support, his parental rights were terminated in 2007, and that the child has been adopted.

[23] After due consideration of the trial court's decision, we cannot say that the sentence imposed by the trial court of six years with two years suspended to probation is inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

[24] For the foregoing reasons, we affirm Hamilton's conviction and sentence.

[25] Affirmed.

Riley, J., and Altice, J., concur.