## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 03 2015, 5:38 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Herbert F. Breneman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 3, 2015

Court of Appeals Case No.
82A04-1506-CR-550

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge

Trial Court Cause No.
82C01-1501-F6-469

**Baker, Judge.**

[1] Herbert Breneman appeals his conviction for Theft,[1] a Level 6 felony. Breneman argues that the evidence is insufficient to establish that he has a prior unrelated conviction warranting the elevation of the crime from a class A misdemeanor to a Level 6 felony. Finding the evidence sufficient, we affirm.

[2] On January 20, 2015, Wal-Mart loss prevention officer David Shephard watched Breneman take a computer off of a shelf, remove the security alarm, and attempt to leave the store without paying for the computer. On January 22, 2015, the State charged Breneman with class A misdemeanor theft and included an enhancement to a Level 6 felony based upon a prior theft conviction. On April 14, 2015, a jury found Breneman guilty of class A misdemeanor theft and also found that he had a prior theft conviction, enhancing the conviction to a Level 6 felony. The trial court sentenced Breneman to two and one-half years imprisonment.

[3] Breneman's sole argument on appeal is that the evidence does not support the jury's finding that he has a prior theft conviction. When reviewing the sufficiency of the evidence supporting a conviction, we will neither reweigh the evidence nor assess witness credibility. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). We will consider only the evidence supporting the judgment and any reasonable inferences that may be drawn therefrom, and we will affirm if a

---

[1] Ind. Code § 35-43-4-2(a).

reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[4] Our Supreme Court has discussed the use of documents to establish the existence of prior felony convictions:

> "Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies. *Schlomer v. State,* 580 N.E.2d 950, 958 (Ind. 1991) (citing *Andrews v. State,* 536 N.E.2d 507 (Ind. 1989)). While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. *Id.; see also Coker v. State,* 455 N.E.2d 319, 322 (Ind. 1983). If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown. *Pointer v. State,* 499 N.E.2d 1087, 1089 (Ind. 1986)."

*Tyson v. State*, 766 N.E.2d 715, 718 (Ind. 2002) (quoting *Hernandez v. State*, 716 N.E.2d 948, 953 (Ind. 1999)).

[5] In this case, the State offered into evidence certified copies of the charging information, chronological case summary, and abstract of judgment for *State of Indiana v. Herbert Frank Breneman*, No. 82C01-1307-FD-760. These documents establish that Herbert F. Breneman was charged with class D felony theft on July 11, 2013, that he pleaded guilty to the charge on August 8, 2014, and that on the same date, he was sentenced to eighteen months imprisonment for the crime.

[6] Additionally, loss prevention officer Shephard, who observed Breneman commit the theft in the case before us, was the same individual who apprehended Breneman in his prior theft. Shephard testified that on June 12, 2013,[2] he apprehended Breneman. He positively identified Breneman as the same person who had committed theft in the past.

[7] In sum, the evidence shows the following: Shephard identified Breneman as the individual who was charged with committing theft in the past. The documents establish that the case number for that arrest is the same as the case number showing that Breneman pleaded guilty to and was sentenced for that crime. The name, including the middle name, was identical to the defendant before the jury in this case. All of this circumstantial evidence leads to a logical and reasonable inference that the Herbert F. Breneman in this case was the same Herbert F. Breneman who was convicted of theft in 2014. We find this evidence sufficient to support the jury's finding that Breneman has a prior theft conviction that enhances his current conviction to a Level 6 felony.

[8] The judgment of the trial court is affirmed.

Bradford, J., and Pyle, J., concur.

---

[2] We infer that the prosecutor made an inadvertent error by referring to June 2014 rather than June 2013 when asking Shephard about the prior incident.