## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2016, 8:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elgin A. Fidell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 21, 2016 <br><br> Court of Appeals Case No. <br> 49A05-1606-CR-1402 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Stanley Kroh, Magistrate <br><br> Trial Court Cause No. <br> 49G03-1603-F5-10944 |

**Pyle, Judge.**

# Statement of the Case

Elgin Andrew Fidell ("Fidell") appeals his conviction of Level 5 felony battery following a bench trial.[1]  He challenges the sufficiency of the evidence to support the conviction.  Concluding that the evidence is sufficient, we affirm.

We affirm.

# Issue

Whether there is sufficient evidence to support Fidell's Level 5 felony battery conviction.

# Facts

Fidell and S.T. ("S.T.") began dating in February 2015.  In April 2015, the Hendricks Superior Court issued a no contact order in Cause Number 32D01-1504-CM-509 ("Cause Number 509") prohibiting Fidell from having any contact with S.T.  In October 2015, Fidell was convicted of invasion of privacy as a Class A misdemeanor for violating the no contact order and battery as a Class A misdemeanor for battering S.T. in Cause Number 49G16-1508-CM-28361 ("Cause Number 28361").

In February 2016, S.T. was standing on a library elevator waiting for the doors to close when Fidell rushed in, grabbed her by the hair, pushed her out of the

---

[1] IND. CODE § 35-42-2-1.

elevator, and punched her in the head, neck, and face. In March 2016, the State charged Fidell with invasion of privacy as a Class A misdemeanor for violating the no contact order in Cause Number 509, domestic battery as a Class A misdemeanor, and battery as a Class B misdemeanor for battering S.T. In a second part of the information, the State also charged Fidell with invasion of privacy as a Level 6 felony because Fidell had a prior conviction under that section in Cause Number 28361. Also as a second part of the information, the State charged Fidell with battery as a Level 5 felony because Fidell had previously been convicted of battery on the same person, S.T., in Cause Number 28361.

[5] After a jury convicted him of Class A misdemeanor invasion of privacy and Class B misdemeanor battery in June 2016, Fidell waived a jury trial on the second parts of the information. During this second phase of trial, the trial court granted the State's motion "to incorporate the testimony evidence and verdict from phase one." (Tr. 108). This included S.T.'s testimony that she and Fidell had dated "on and off for about a year." (Tr. 29). S.T. also testified that "there was a no contact order preventing [Fidell] from contacting [her]." (Tr. 31). The State introduced into evidence the no contact order issued under Cause Number 509, which lists the protected person's name as S.T.[2] The State also introduced into evidence the August 2015 charging information in Cause Number 28361, which alleged that Fidell had invaded S.T.'s privacy by

---

[2] The no-contact order listed S.T.'s full name.

violating the no-contact order and had battered S.T. The State further introduced the October 2015 sentencing order, which reflected convictions for both offenses. At the conclusion of the second part of the trial, the trial court convicted Fidell of Level 6 felony invasion of privacy and Level 5 felony battery. Fidell now appeals.

## Decision

[6] Fidell argues that there is insufficient evidence to support his conviction of battery as a Level 5 felony. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

[7] To convict Fidell of battery as a Level 5 felony, the State was required to prove beyond a reasonable doubt that Fidell touched S.T. in a rude, insolent, or angry manner and that Fidell was previously convicted of battery on the same person, S.T., under Cause Number 28361. *See* IND. CODE § 35-42-2-1(g)(4). Fidell's sole argument is that "the State did not prove beyond a reasonable doubt that the victim in the prior case [Cause Number 28361], and the victim in this case, were the same person." (Fidell's Br. 11-12).

[8] In support of his argument, Fidell directs us to *Hernandez v. State*, 716 N.E.2d 948, 953 (Ind. 1999), *reh'g denied*, wherein the Indiana Supreme Court explained as follows regarding the identification evidence of the defendant necessary to support an habitual offender adjudication:

> Certified copies of judgments or commitments containing a defendant's name or a similar name may be introduced to prove the commission of prior felonies. . . . While there must be supporting evidence to identify the defendant as the person named in the documents, the evidence may be circumstantial. . . . If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was a defendant who was convicted of the prior felony, then a sufficient connection has been shown.

(Internal citations omitted).

[9] We agree with Fidell that several of these requirements are instructive to the issue before us. For example, in Level 5 felony battery cases such as this, there must be supporting evidence which identifies the victim in the prior case as the victim in the current case. Such evidence may be circumstantial. In addition, a sufficient connection has been shown between the victim in the prior case and the victim in the current case if the evidence yields logical and reasonable inferences from which the finder of fact may determine that it was the same victim in both cases.

[10] Here, our review of the evidence reveals that the victim has a unique name, which was included in the August 2015 charging information that led to the October 2015 battery conviction. This is the same name that that was included

in the March 2016 charging information that led to the June 2016 Level 5 felony battery conviction. In addition, S.T. testified that she and Fidell dated for a year, from February 2015 until February 2016, which encompasses Fidell's 2015 conviction for battering S.T. as well as the 2016 charges that led to the June 2016 conviction for battering S.T. again. Lastly, S.T. testified that she was the protected person in the no contact order issued under Cause Number 509, which Fidell was convicted of violating in both 2015 and 2016.

[11] Because the victims in both cases had the same unique name and were both protected by the no contact order in Cause Number 509, and because S.T. testified that she was dating Fidell at the time of both batteries, we find that logical and reasonable inferences show that S.T. was the victim in both cases. *See Hernandez*, 716 N.E.2d at 953. We therefore find sufficient evidence to support Fidell's conviction of battery as a Level 5 felony.

[12] Affirmed.

Baker, J., and Mathias, J., concur.