Kirsch, Judge, dissenting.
I believe that the evidence presented at trial was sufficient to sustain the conviction of Kahlil Jalon Payne for Level 4 felony unlawful possession of a firearm by a serious violent felon ("SVF"), and I would affirm the trial court's judgment in all respects.
Accordingly, I respectfully dissent.
The majority opinion notes that in Tyson v. State , 766 N.E.2d 715, 718 (Ind. 2002), our Supreme Court stated that " 'there must be supporting evidence to identify the defendant as the person named in the documents.' " (quoting Hernandez v. State , 716 N.E.2d 948, at 953 ). Additionally, this proof of identity " 'may be in the form of circumstantial evidence.' " Walker v. State , 988 N.E.2d 1181, 1187 (Ind. Ct. App. 2013) (quoting Baxter v. State , 522 N.E.2d 362, 365 (Ind. 1988), trans. denied. Finally, " 'If the evidence yields logical and reasonable inferences from which the finder of fact may determine beyond a reasonable doubt that it was [the] defendant who was convicted of the prior felony, then a sufficient connection has been shown.' " Tyson , 766 N.E.2d at 718 (quoting Hernandez , 716 N.E.2d at 953 ).
Applying these precepts to the facts of this case, we see the following:
First, as noted by the prosecutor at trial, the defendant's name and its spelling are unique. Second, the date of birth established in Payne's 2010 conviction matches his date of birth in this proceeding. Third, Payne admitted to and did not contest Counts 3 or 5 in which the same name and date of birth appear as on the information in Payne's 2010 conviction. Fourth, and as noted by the trial judge, Payne admitted that he's the same Khalil Jalon Payne who was convicted of the misdemeanor that was a predicate for Count 5.