IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 5, 2001

## EL PASO PITTS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-23499      Chris Craft, Judge**

**No. W2001-01563-CCA-R3-PC  - Filed April 17, 2002**

The petitioner, El Paso Pitts,[1] appeals the trial court's denial of post-conviction relief.  In this appeal of right, the petitioner contends that he was denied the effective assistance of counsel and argues that the trial court erred by allowing his trial counsel to be present during the evidentiary hearing.  The judgment of the trial court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Robert Little, Memphis, Tennessee, for the appellant, El Paso Pitts.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Katrina Earley, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On October 23, 1996, the petitioner fired several shots in the direction of the victim, Ricky Green, who was hiding behind a chair located inside his residence.  Clifford Roy was also in the room when the shots were fired.  The petitioner was convicted of attempted first degree murder and aggravated assault and received concurrent, Range I sentences of 23 years and three years, respectively.  The judgment was affirmed on direct appeal.  State v. Poaso Pitts, No. 02C01-9803-CR-00091 (Tenn. Crim. App., at Jackson, Jan. 22, 1999).  Application for permission to appeal to the supreme court was denied on June 14, 1999.

At the evidentiary hearing, the petitioner testified that he was dissatisfied with his trial counsel, Dianne Thackery, because she had failed to adequately investigate the circumstances of the offense and to establish through available witnesses that the victim, Ricky Green, was not inside the

---

[1]The petitioner was indicted under the name "Poaso Pitts," but the name El Paso Pitts was used interchangeably at trial.  The petition for post-conviction relief was filed in the name of El Paso Pitts.

residence at the time the shots were fired. The petitioner acknowledged that he had argued with the victim, threatened him, and entered his residence while armed with a pistol. He contended, however, that the victim Green had left the residence by the time the shots were fired and that his trial counsel could have utilized independent witnesses to establish that. He was especially critical of the fact that Renaldo Gatewood and his first cousin, David Gatewood, were neither interviewed by his counsel, who had their addresses and phone numbers, nor subpoenaed as witnesses for the trial. The petitioner also expressed his displeasure at his trial counsel's suggestion that he not testify on his own behalf due to prior theft convictions. When asked specifically whether he wanted to testify at his trial, however, the petitioner answered, "I told her I did but I didn't." The petitioner also complained that his trial counsel did not adequately establish that at the time of the shooting, the victim and the others "were all drinking together." He pointed out that the witnesses, if called to testify, could have been helpful in establishing that alcohol was a significant factor in the incident.

When produced as a witness at the evidentiary hearing, David Gatewood testified that he arrived at the scene of the crime "at the last tip end of it." He recalled seeing the victim Green flee from the back door along with the other victim when he heard two shots, explaining that that was all he had seen. Gatewood testified that he would have appeared had he been subpoenaed for trial and contended that at the time, the petitioner "had two numbers" for him and he was staying at his parents' at the trailer park where the shots were fired. He stated he was never interviewed by police. During cross-examination, Gatewood clarified his testimony, acknowledging that he saw Green "coming out the back door, after the shots."

Trial counsel testified that she attempted to subpoena a David Gatewood or a David Moss, whose address was listed as the Pleasant Ridge Trailer Park on Noleview, but learned that the operators of the trailer park had no information on either name. When she reviewed the "half a dozen or so letters" from the petitioner in the file, she found no mention of a Renaldo Gatewood. While stating that she had no specific recollection of the issue, trial counsel testified that she would have likely advised the petitioner, who had a prior criminal record, not to testify, even though he would make the ultimate decision.

The trial court denied relief, concluding that the testimony of David Gatewood would not have been helpful to the petitioner. It first observed that Gatewood testified at the evidentiary hearing that he had just arrived at the trailer park from work when he saw the victims flee from the residence and thus was unable to assist the petitioner's claim that the shooting occurred as a result of over-consumption of alcohol by each of the individuals involved. Secondly, the trial court determined that Gatewood actually contradicted the petitioner's defense theory by stating that he saw the victims coming out the back door after the shots were fired. Because the petitioner was unable to produce Renaldo Gatewood as a witness, the trial court determined that the petitioner had failed to substantiate his claim that the testimony would have been helpful. It held that the investigation and preparation on the part of trial counsel were adequate. Finally, the trial court ruled that the record of the trial contradicted the petitioner's claim that he wished to testify.

I

As his first issue on appeal, the petitioner complains generally about his trial counsel's lack of investigation. More specifically, he contends that the failure to subpoena Renaldo and David Gatewood adversely affected his defense, particularly with regard to the attempted first degree murder charge. He hints that his trial counsel prevented him from testifying.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). On claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

In our view, the evidence does not preponderate against the trial court's finding that the petitioner received the effective assistance of counsel at trial. Initially, when a petitioner claims that trial counsel failed to discover, interview, or present a witness in support of his defense, he should present that witness at the evidentiary hearing. Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Because Renaldo Gatewood did not testify at the evidentiary hearing, it would be speculative to conclude that his testimony would have made a difference in the result. Moreover, the record establishes that the testimony of David Gatewood would not have supported the defense theory that either or both of the victims were not in the trailer at the time the shots were fired. Thus, any failure on the part of trial counsel to ensure his presence at trial would not have affected the

-3-

results. The evidence does not preponderate against the trial court's conclusion that trial counsel had conducted an adequate investigation and properly prepared for trial. Certainly, no prejudice resulted from any perceived deficiency. Finally, the equivocal claim by the petitioner that he was denied the opportunity to testify at his trial is simply not supported by the record.

## II

The petitioner also contends that the trial court erred by allowing trial counsel to remain in the courtroom during the course of the evidentiary hearing. Rule 615 of the Tennessee Rules of Evidence allows either party to exclude witnesses. An exception exists, however, for those witnesses "essential to the presentation of the party's cause." Tenn. R. Evid. 615. The party seeking to avoid sequestration bears the burden of proving that a Rule 615 exemption applies. United States v. Ortiz, 10 F. Supp. 2d 1058, 1060 (N.D. Iowa 1998). In this instance, the trial court ruled that the petitioner's trial counsel was essential to the state's case.

On appeal, the standard of review is one of abuse of discretion. State v. Harris, 839 S.W.2d 54, 68 (Tenn. 1992); State v. Zagorski, 701 S.W.2d 808, 815 (Tenn. 1985). In State v. Jerome Brown, No. 03C01-9107-CR-00201, slip op. at 15-16 (Tenn. Crim. App., at Knoxville, Oct. 6, 1992), this court ruled as follows on an identical issue:

> [Rule 615] specifically allows the presence of "a person whose presence is shown by a party to be essential to the presentation of the party's cause." In this post-conviction case, the central issue dealt with a claim of ineffective assistance of counsel, and the trial court denied the trial attorney's exclusion during the testimony of other witnesses because the attorney would need to hear what testimony was against him in order that he could answer. . . . Given the special circumstances which arise in a post-conviction proceeding in which a petitioner claims that his trial attorney was ineffective, it is entirely reasonable to conclude that the trial attorney's presence would be essential for the presentation of the state's case. The trial court did not abuse its discretion in excluding the trial attorney from the operation of The Rule.

Even if it qualified as an abuse of discretion, it is difficult to ascertain how that may have affected the results of the evidentiary hearing. It is apparent from our review of this record that the petitioner did not establish any prejudice through his own testimony or that of his single witness, even if the testimony of trial counsel had not been considered at all.

Accordingly, the judgment is affirmed.

 

 

_____
GARY R. WADE, PRESIDING JUDGE