IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2004

## FRANKIE DONALD RELEFORD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C47, 717     R. Jerry Beck, Judge**

**No. E2004-00695-CCA-R3-PC - Filed March 28, 2005**

The Appellant, Frankie Donald Releford, appeals the judgment of the Sullivan County Criminal Court denying his petition for post-conviction relief. On appeal, Releford argues that he was denied the effective assistance of counsel at trial and that the post-conviction court erred in allowing trial counsel to remain in the courtroom during the post-conviction proceeding. After review of the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Gene Scott, Jr., Johnson City, Tennessee, Attorney for the Appellant, Frankie Donald Releford.

Paul G. Summers, Attorney General and Reporter; Michalle Chapman McIntire, Assistant Attorney General; and Joseph E. Perrin, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In May of 2000, officers with the Kingsport Police Department obtained a search warrant for the residence of the Appellant and his wife, Carol Mae Releford. The search produced illicit drugs, guns, stolen property, and drug paraphernalia. The Appellant and his wife were jointly indicted on various counts of drug possession, possession of drug paraphernalia, and theft of property. Additionally, the Appellant was individually indicted for possession of a firearm by a convicted felon. In November of 2001, the Appellant pled guilty to possession of more than 0.5 grams of cocaine for resale, possession of dihydrocodeinone, possession of marijuana, possession of drug paraphernalia, theft of property under $500, and possession of a firearm by a convicted felon. As

a result of these convictions, he received an effective eight-year sentence. On direct appeal, a panel of this court affirmed the Appellant's sentences. *State v. Frankie Donald Releford*, No. E2002-00110-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Feb. 3, 2003).

On April 2, 2003, the Appellant filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel. An evidentiary hearing was conducted on February 26, 2004. Thereafter, the post-conviction court denied relief by written order on March 29, 2004. This timely appeal followed.

## Analysis

### I. Ineffective Assistance of Counsel

The Appellant argues that he received ineffective assistance of counsel during the pre-trial proceedings. Specifically, he asserts that trial counsel (1) failed to pursue an evidentiary hearing on a motion to suppress evidence; (2) pressured him into accepting guilty pleas to the crimes; and (3) neglected to properly communicate with him.

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in the petition. Tenn. Code Ann. § 40-30-110(f) (2003). To support a Sixth Amendment claim of ineffective assistance of counsel, the Appellant must establish that counsel's performance fell below the range of competence of attorneys demanded in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, the Appellant must establish (1) deficient representation and (2) prejudice resulting from the deficiency. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). With a guilty plea, to satisfy the "prejudice" prong, the Appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

### a. Motion to Suppress

The Appellant argues that trial counsel performed deficiently by failing to pursue an evidentiary hearing on a motion to suppress evidence.[1] Thus, with regard to this allegation, the Appellant was required to show by clear and convincing evidence (1) that a motion to suppress would have been granted and (2) that there was a reasonable probability that the proceedings would have concluded differently if counsel had performed as suggested. The Appellant has failed to establish either of these factors. Indeed, the post-conviction court's finding suggests that a motion to suppress would not have prevailed.[2] Clearly, counsel cannot be considered ineffective for failing to make or pursue a motion that would have been meritless.

Moreover, this issue is waived as a result of the Appellant's guilty pleas to the crimes. A plea of guilty which is entered voluntarily, knowingly, and intelligently, waives all prior non-jurisdictional, procedural, and constitutional defects in the proceedings. *State v. McKissack*, 917 S.W.2d 714, 716 (Tenn. Crim. App. 1995). The post-conviction court concluded that the Appellant's guilty pleas were voluntarily entered, and the record supports this conclusion. The record demonstrates that at the guilty plea hearing, the Appellant expressly acknowledged that by pleading guilty, he was waiving any right to challenge the legality of the evidence seized. Accordingly, the constitutionality of the seized evidence was waived by the Appellant's pleas of guilty.

### b. Guilty Pleas

The Appellant also argues that his guilty pleas were coerced and, thus, involuntary because the State's plea offer was conditioned upon both the Appellant and his wife accepting the "package" plea agreement. As such, the Appellant asserts that he was "pressured to accept a guilty plea" because trial counsel informed him that his wife would receive a lengthy sentence if she proceeded to trial. Contingent or "package deal" plea offers have been approved as an acceptable plea bargaining method in this State. *See Jason Blake Bryant v. State*, No. E2002-00907-CCA-R3-PC (Tenn. Crim. App. at Knoxville, Mar. 11, 2004), *perm. to appeal denied*, (Tenn. 2004); *Parham v. State*, 885 S.W.2d 375, 382 (Tenn. Crim. App. 1994); *State v. Street*, 768 S.W.2d 703, 711 (Tenn. Crim. App. 1988). Indeed, this court has held:

---

[1] The record reflects that trial counsel did file a motion to suppress and, in preparation of the motion, interviewed witnesses and thoroughly researched the legal issues. Counsel was prepared to argue the motion at the scheduled hearing; however, the Appellant pled guilty prior to the hearing.

[2] The post-conviction court's findings recite:

> The police apparently took the position that the facts supporting the Affidavit for a search warrant came into the knowledge of the police because the police searched the petitioners' trash can at curb side without a search warrant. As a general statement of law, such a search at curb side out of the curtilage would not offend Fourth Amendment principles.

The following principles are inherent within this State's acceptance of contingent plea agreements. There is no constitutional right of an accused to plea bargain, and there is no duty of the State to engage in plea negotiations. 22 C.J.S. *Criminal Law* § 366 (1989) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S. Ct. 837, 846 (1976); *United States v. Pleasant*, 730 F.2d 657, 665, (11th Cir.), *cert. denied*, 469 U.S. 869, 105 S. Ct. 216 (1984)). The State, as well as the persons accused, is entitled to have its rights protected and, when several persons are charged jointly with a single crime, the State is entitled to have the fact of guilt determined and punishment assessed in a single trial, unless to do so would unfairly prejudice the rights of the defendants. *Joseph Lance Risner v. State*, No. E2002-01112-CCA-R3-PC (Tenn. Crim. App. at Knoxville, June 30, 2003), *perm. to appeal denied*, (Tenn. 2003). *Woodruff v. State*, 51 S.W.2d 843, 845 (Tenn. 1932).

In finding that the Appellant's pleas of guilty were not coerced, the post-conviction court concluded:

The Court does recognize that such joint offers can place different pressures on joint defendants, but the Court, upon hearing proof in the case, is of the opinion that the pleas by both defendants were knowingly and voluntarily entered without any unusual or dramatic pressures.

The proof presented at the hearing does not preponderate against this finding. Accordingly, this issue is without merit.

### c. Communication

The Appellant further contends that trial counsel "failed to properly communicate with him." He argues that trial counsel was never in his office and neglected to return the Appellant's phone calls. Trial counsel, however, testified that he met with the Appellant on twelve different occasions. The Appellant fails to suggest how additional communications or visits to the jail would have benefitted his cause or produced a different result. Proof of deficient representation by omission requires more than a bare allegation of a lost potential benefit. This issue is without merit.

## II. Application of Tennessee Rule of Evidence 615

The Appellant next argues that the post-conviction court erred by not excluding trial counsel from the courtroom during the evidentiary hearing.[3] The rule of sequestration, Tenn. R. Evid. 615,

---

[3] Post-conviction proceedings analyze issues implicating federal or state constitutional rights only. Tenn. Code Ann. § 40-30-103 (2003). Although the Appellant's argument concerning violation of the rule of sequestration does not involve a constitutional right, we nonetheless review this claim to determine whether failure to recognize this right frustrated the Appellant's presentation of a guaranteed constitutional right.

provides that "at the request of a party the court shall order witnesses, including rebuttal witnesses, excluded at trial or other adjudicatory hearing." The rule, however, does not provide for the exclusion of "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Tenn. R. Evid. 615. "The party seeking to avoid sequestration bears the burden of proving that a Rule 615 exemption applies." *El Paso Pitts v. State*, No. W2001-01563-CCA-R3-PC (Tenn. Crim. App. at Jackson, Apr. 17, 2002) (citing *United States v. Ortiz*, 10 F. Supp. 2d 1058, 1060 (N.D. Iowa 1998)). On appeal, the standard of review is abuse of discretion. *State v. Harris*, 839 S.W.2d 54, 68 (Tenn. 1992).

Prior to the presentation of any proof, the Appellant invoked the rule of sequestration at the hearing. The post-conviction court denied the Appellant's request to exclude trial counsel from the courtroom stating that "I would point out traditionally they've remained in the courtroom so they can more properly explain their actions . . . ."

This court has held that, under "the special circumstances . . . in a post-conviction proceeding in which a petitioner claims that his trial attorney was ineffective, it is entirely reasonable to conclude that the trial attorney's presence would be essential for the presentation of the state's case." *State v. Jermome Brown*, No. 03C01-9107-CR-00201 (Tenn. Crim. App. at Knoxville, Oct. 6, 1992). During the evidentiary hearing, the attorney needs to hear the testimony offered against him so that he can respond to the charges. *Id.* We conclude that the post-conviction court did not abuse its discretion by allowing trial counsel to remain in the courtroom. This issue is without merit.

## CONCLUSION

Based upon the foregoing, we conclude that the post-conviction court properly denied the Appellant's petition for post-conviction relief. Accordingly, the judgment of the Sullivan County Criminal Court is affirmed.

 

 

DAVID G. HAYES, JUDGE